LEON MACHIZ *v.* HOMER HARMON, INC., ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 5—decided June 23, 1959

*Raphael Korff,* for the appellants (defendants).

*A. William Rondos,* for the appellee (plaintiff).

BALDWIN, J. The complaint is in three counts. In the first count, the plaintiff seeks to recover against the named defendant and two of the individual defendants, Homer and Bernice Harmon, on a note,

and in the third count, against the named defendant and the defendant Homer on a judgment obtained in the Supreme Court of New York. In the second count, the plaintiff seeks to set aside a deed given by the defendant Bernice to the defendant Charles Kaplan. The named defendant, hereinafter called the corporation, counterclaimed, seeking damages for breach of contract. The trial court rendered judgment for the plaintiff against all the defendants and they have appealed. They have assigned error in the finding, but no changes are warranted.

The pertinent facts can be stated in summary as follows: The plaintiff entered into a contract with the corporation to build a house for him, according to plans to be prepared, on land of the corporation in King's Point, New York. The defendants Homer and Bernice were the shareholders and officers of the corporation. On June 29, 1953, the plaintiff paid $8200 to the corporation pursuant to his contract. When the contract was executed, there were no completed or approved plans for the construction of the house. Delay followed delay in the preparation of plans, and on February 14, 1954, the corporation having failed to perform any part of the agreement, the plaintiff brought an action in the Supreme Court of New York for performance of the contract or the return of $8200. Negotiations ensued, and another contract was executed by the parties on March 18, 1954. The defendants Homer and Bernice and the corporation gave the plaintiff their note for $8200, payable ninety days from date, in consideration of the plaintiff's refraining from pressing his action in court and of his entering into the new contract. The corporation failed to build a house as agreed, and the plaintiff, having made demand upon the note and received no payment, secured a judgment on Octo-

ber 20, 1954, for $8569.25, which has not been paid. On March 25, 1954, seven days after the note was signed, a deed of real property in Wilton executed by the defendant Bernice and purporting to convey the property to the defendant Kaplan was recorded in the Wilton land records. The signature of the grantor, Bernice, was not witnessed, nor did the notary public taking her acknowledgment insert the date thereof. The note and the judgment not having been paid, the plaintiff instituted the present action and caused the property described in the deed to be attached on December 3, 1954, as property belonging to the defendant Bernice.

We shall by-pass the question whether the deed effected a conveyance of land in this state and dispose of the case on the theory on which it was tried and on which the trial court decided it. See *Cole* v. *Steinlauf,* 144 Conn. 629, 632, 136 A.2d 744. The court found that the deed was given to secure an indebtedness of the defendants Homer and Bernice and the corporation to Kaplan and that it was, in effect, an attempt to make a mortgage. See *Rosenbluth* v. *DeForest & Hotchkiss Co.,* 85 Conn. 40, 46, 81 A. 955; *Anderson* v. *Colwell,* 93 Conn. 61, 65, 104 A. 242. As such, it was insufficient to defeat the plaintiff's attachment because it failed to describe the indebtedness it was given to secure with sufficient detail and accuracy as against the plaintiff, a creditor. The defendants dispute the finding and conclusion that the conveyance was given to secure a debt. However, there are subordinate facts, not questioned, which amply suffice to support the conclusion. If a deed of real property is given to secure a debt, it must describe the indebtedness with reasonable accuracy to be valid against other incumbrancers. *Sadd* v. *Heim,* 143 Conn. 582, 585,

124 A.2d 522; *Andrews* v. *Connecticut Properties, Inc.,* 137 Conn. 170, 172, 75 A.2d 402; see Rev. 1958, §§ 49-2, 49-3. The deed contains no reference to any indebtedness. We are not called upon to decide its legal effect as between the parties. As to the plaintiff, it was ineffective to defeat his attachment in the present action, and the trial court was correct in giving the attachment priority.

The defendants claim that there is a variance between the pleadings and the proof of the nature of the conveyance. No objection until now appears to have been made to the introduction of evidence concerning the circumstances under which, and the purposes for which, the deed was given. The defendants have waived any right to press this claim. *Winsor* v. *Hawkins,* 130 Conn. 669, 670, 37 A.2d 222, and cases cited.

It is asserted that the corporation is entitled to damages on the counterclaim because the plaintiff, and not the corporation, caused the nonfulfilment of the contract. Under the circumstances of this case, the question of who broke the contract turned upon issues of fact within the province of the trier to decide.

The memorandum of decision and the judgment file fail to dispose of the counterclaim. A judgment for the plaintiff on the counterclaim is implicit in the trial court's decision, and the judgment file should be corrected to record it.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to render judgment as on file except as corrected to accord with this opinion.

In this opinion the other judges concurred.