283 F.2d 462
 Frank B. McSHAN, Maggie L. McShan, Clesson W. Kerr and Leona W. Kerr, Appellants,
v.
Charles B. SHERRILL, Mary Y. Sherrill, William L. LaFollette and Susanne H. LaFollette, Appellees.
 No. 16538.
 United States Court of Appeals Ninth Circuit.
 October 26, 1960.
 
 Shute & Elsing, W. T. Elsing, Lewis, Roca, Scoville, Beauchamp & Linton, John P. Frank, Phoenix, Ariz., for appellants.
 Cunningham, Carson & Messinger, William H. Rehnquist, Phoenix, Ariz., for appellees.
 Before POPE, MAGRUDER and KOELSCH, Circuit Judges.
 MAGRUDER, Circuit Judge.
 
 
 1
 Appellees own land which at one time bordered on the east bank of the Colorado River. The river has since shifted to the west, and appellees claim the land now lying between their property and the present river bed on the basis of accretion. Appellants dispute that claim; and they have attempted to prove that the change in the river bed was perceptible and sudden, it having been agreed that accretion occurs only upon a gradual and imperceptible shifting of a river. See State of Oklahoma v. State of Texas, 1923, 260 U.S. 606, 43 S.Ct. 221, 67 L.Ed. 428; State of Nebraska v. State of Iowa, 1892, 143 U.S. 359, 12 S.Ct. 396, 36 L.Ed. 186. Appellants have deeds to certain of the lands which the river passed over in its westward migration and can trace title to said lands stemming from a United States patent to the State of California. Appellees, citizens of the State of Arizona, brought this action against the appellants, citizens of California, in the United States District Court for the District of Arizona, praying that said court enter a decree declaring them to be the owners of and quieting their title to the lands now lying between theirs and the Colorado River, and enjoining the appellants from claiming any right in said lands adverse to theirs. Jurisdiction in the district court was founded upon diversity of citizenship. After hearing all the testimony, including that of witnesses for appellees to the effect that the change was gradual, the court made findings of fact including the following:
 
 
 2
 "I.
 
 
 3
 "Plaintiffs are the owners of the lands described in their Amended Complaint. * * *
 
 
 4
 "II.
 
 
 5
 "The accretion lands described in Finding I were formed as a result of a gradual shifting of the Colorado River in its flood plain to the West over a period of years."
 
 
 6
 On the basis of these findings, the court entered a judgment declaring that appellees are the owners and entitled to the possession of all such property, and further decreed that the appellants had no right, title, interest or estate in any of said property and that they be forever barred, estopped and perpetually enjoined from claiming any right or title to any part of said property adverse to the appellees. A timely motion to vacate the judgment and for a new trial was thereafter made by appellants and denied by the court. Subsequently, on a motion asking that the court reconsider its order denying their prior motion or, in the alternative, that the court grant relief from judgment under Rule 60, Federal Rules of Civil Procedure, 28 U.S.C.A., appellants asserted for the first time that there was an absence of indispensable parties; that owners of land located between that of appellants and appellees, which land was declared by the court to have become appellees' property by accretion, had not been joined. In support of their assertion, they produced an affidavit by a deputy county tax assessor for the county in which the land was located stating that certain property covered by the court's decree was recorded in the name of Monaghan & Murphy Company and that all taxes on said property had been paid by said company; and that other property covered by the decree was recorded in the name of The McNee Company and that this company has paid taxes on that property. Appellants brought to the court's attention the fact that one of the maps which had been introduced in evidence upon a stipulation conceding its competency showed such property to be owned by these absent landowners. The district court denied the motion. Appellants on this appeal reassert their claim that indispensable parties had not been joined and also make certain assignments of error going to the merits of the case.
 
 
 7
 The complaint filed by appellees asked for a declaration that they owned certain land, including land which may be owned by persons not before the court. The district court granted the relief requested, and thereby placed a cloud upon the title of the absent landowners. A decree so affecting the interests of persons not joined as parties is improper. As was said in Stewart v. United States, 5 Cir., 1957, 242 F.2d 49, 51: "[N]o decree can be entered affecting the title to property or cancelling any cloud thereon unless all of the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the Court." In State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421, the United States had brought an action against lessees of the State of Washington who allegedly were trespassing on lands which the United States claimed had accreted to an island owned by the federal government. The State, lessor of the disputed lands, had not been joined as a defendant, and its motion asking leave to intervene had been denied. This court held that, although a lessor's interest is distinct and severable from that of the lessee, and although the court could have rendered justice as between the parties in the absence of the State of Washington, said State was an indispensable party since the decree would have an injurious effect upon its interests even though it would not be res judicata as against the State. The decree rendered by the district court in the instant case has a like injurious effect upon the interests of absent landowners. They were, therefore, indispensable parties who should have been joined.
 
 
 8
 Appellees complain of appellants' delay in raising the objection and of the nature of the evidence supporting it. The absence of indispensable parties can be raised at any time, however, even by the appellate court on its own motion. Haby v. Stanolind Oil & Gas Co., 5 Cir., 1955, 225 F.2d 723; Brown v. Christman, 1942, 75 U.S.App.D.C. 203, 126 F.2d 625; Flynn v. Brooks, 1939, 70 App.D.C. 243, 105 F.2d 766; 3 Moore, Federal Practice (2d ed. 1948) § 19.05. Rule 12(h) F.R. Civ.P. provides that the defense of failure to join an indispensable party is never waived. As stated in Brown v. Christman, supra, 126 F.2d at page 632: "If they are indispensable parties it is our duty to protect their interests on this appeal, even though the question was not raised in the District Court; and it will be the duty of the District Court to protect them in any further proceedings there." The defect is not "jurisdictional", in one sense of the word, but, as stated in State of Washington v. United States, supra, 87 F.2d at page 427, quoting from Shields v. Barrow, 1855, 17 How. 129, 141, 58 U.S. 129, 130, 15 L.Ed. 158, which in turn quoted from Mallow v. Hinde, 1827, 12 Wheat. 193, 198, 25 U.S. 193, 6 L.Ed. 599, is predicated "on the ground that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court."
 
 
 9
 This court has a duty to protect absent persons who will be affected by the lower court's decree, and our inquiry to determine if such persons may exist should not be hampered by the evidentiary rules appellees would impose. They complain that the affidavit and map appellants rely upon are not competent evidence from which we can conclude that non-joined indispensable parties exist. A motion after trial to dismiss for want of jurisdiction may be supported by affidavit, Page v. Wright, 7 Cir., 1940, 116 F. 2d 449; Anderson v. Bassman, C.C.N.D. Cal.1905, 140 F. 10, and evidence concerning absent indispensable parties may also be presented by the affidavit of any person having knowledge bearing upon their existence. Estes v. Shell Oil Co., 5 Cir., 1956, 234 F.2d 847; Young v. Garrett, 8 Cir., 1945, 149 F.2d 223. See also Rule 43(e) F.R.Civ.P. The map showing the interests of the absent landowners was introduced pursuant to a stipulation conceding authenticity and can be relied upon for this purpose as well.
 
 
 10
 Having concluded that there may be indispensable parties who have not been joined, we do not reach appellants' assignments of error going to the merits of the case.
 
 
 11
 The cause is remanded to the district court with instructions that appellees be given an opportunity to join any persons owning or claiming title to property which their complaint alleges accreted to their land, and, upon such joinder, that appellants' motion for a new trial be granted. If such persons exist and are not accessible to service, or if their joinder would oust the district court of jurisdiction, the case must of course be dismissed. If the trial court upon remand of this case should after evidence taken find that there are no owners of the land involved in this suit who have not been made parties herein, the court would, it is assumed, again enter the same or similar judgment based upon its original findings and such additional findings as it may make after remand. Any aggrieved party would then be at liberty to bring to this court upon appeal any appropriate question for review. If this is done, the parties should be permitted to submit such further appeal upon the present record in this court, supplemented to the extent necessary by certification of the record of such further proceedings.
 
 
 12
 A judgment will be entered vacating the judgment of the District Court and remanding the cause to that Court for further appropriate proceedings consistent with the views expressed in this opinion.