**TRANSPORT INSURANCE COMPANY,**
Appellant,

v.

**Marlin WHEELER et al., Appellees.**

No. 22.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 18, 1967.

Rehearing Denied Nov. 15, 1967.

---

Butler, Binion, Rice, Cook & Knapp and Tom Alexander and Jonathan Day, Houston, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely and W. James Kronzer and Fulbright, Crooker, Freeman, Bates & Jaworski and Charles D. Boston, Houston, for appellee.

BARRON, Justice.

Marlin Wheeler, plaintiff in the trial court, filed suit against defendant, Transcontinental Gas Pipeline Corporation, an alleged third-party tort-feasor, for personal injuries. Defendant filed an answer and Wheeler's compensation carrier, Transport Insurance Company, intervened to recover its subrogation interest. Intervenor had paid workman's compensation benefits to Wheeler. On December 12, 1966, the case was assigned for trial and the plaintiff failed to appear, either in person or by attorney. On the same date intervenor and defendant compromised intervenor's alleged claim for subrogation arising as a result of Wheeler's injuries for $1,500.-00, and the trial court announced a dismissal of the plaintiff's lawsuit for want of prosecution. The court's judgment recites that this action was taken on December 12, 1966, but the judgment was not signed and entered until January 10, 1967. This judgment was termed a "final

judgment" and was signed and "approved and agreed to" by intervenor's and defendant's respective attorneys.

On January 6, 1967, plaintiff filed a motion to reinstate his original cause of action against Transcontinental, and on January 10, the same day intervenor's compromise judgment was signed, the trial court entered a separate order granting plaintiff's motion for reinstatement of his third-party action. The trial court reinstated the cause only as to plaintiff, Wheeler.

On April 7, 1967, the trial court entered a "final judgment" whereby Wheeler's cause of action against Transcontinental and one Hayes was compromised for the sum of $4,482.00. The prior settlement between intervenor and defendant was referred to in the judgment of April 7.

Intervenor apparently dissatisfied with the compromise judgment after reinstatement of Wheeler's cause of action and eventual settlement of Wheeler's claim with Transcontinental on April 7, 1967, filed a motion for new trial on April 26, 1967, claiming no notice of a setting of the case and entry of the judgment in favor of Wheeler. The trial court, considering the motion improper, refused to act on the motion and denied intervenor leave to file the same. Exception and notice of appeal were made and entered of record to the trial court's action on May 3, 1967. Notice of appeal was also filed on May 11, 1967. Petition for writ of error and writ of error bond were filed by intervenor on May 29, 1967.

At the outset we are faced with the problem of jurisdiction. There are, in effect, three parties to this action: The plaintiff, Wheeler; the defendant, Transcontinental Gas Pipeline Corporation; and the intervenor, Transport Insurance Company. On January 10, 1967, a judgment was entered and agreed upon by which intervenor was awarded $1,500.00 in settlement of its subrogation interests. This

judgment was necessarily interlocutory, because Wheeler's case was reinstated upon the docket of the court, leaving the controversy between Wheeler and Transcontinental undisposed of. No appeal could be had from the compromise judgment without a severance of that phase of the case ordered by the trial court. There was no severance sought by the parties or ordered by the trial court. In the absence of an order of severance, a party against whom such an interlocutory judgment has been rendered has his right of appeal when and not before the same is merged in a final judgment disposing of the whole case. In the judgment of April 7, 1967, the first judgment of settlement was fully referred to by recitation therein that the sum of $1,500.00 had been paid in settlement of the intervention to Transport Insurance Company, and " * * * such total amount paid in full and final settlement of all claims, intervention, subrogation and causes of action herein." We therefore hold that the judgment of January 10, 1967, was interlocutory, and did not become final for purposes of appeal until April 7, 1967, when all matters were disposed of. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200 (1959).

Intervenor's right to appeal, therefore, did not become effective until all issues were disposed of on April 7, 1967.

■ While subdivision 5 of Rule 329b, Texas Rules of Civil Procedure makes an exception in a case of this type by permitting a motion for new trial to be filed and acted upon within the 30-day period a trial court continues to retain control of its judgments, appellant made no effort to perfect its appeal by filing an appeal bond. Instead, intervenor resorted to an application and bond for writ of error. The appellant (or petitioner for writ of error) had sufficient time and opportunity to perfect an appeal. It filed a motion for new trial 19 days after the entry of the final judgment setting out adequate grounds for the trial court, within its descretion, to

grant the motion. On May 3, 1967, (still within time) intervenor obtained an order from the trial court refusing to proceed further. Notice of appeal was given from that order. But still no appeal was perfected. An appeal ordinarily will lie from an order refusing a motion for new trial of this type. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710 (Syl. 7), (1961). We must, therefore, dismiss the appeal. The writ of error bond is insufficient as an appeal bond. Yellow Cab Corporation of Dallas v. Hill, 111 S.W.2d 1193 (Tex.Civ. App.), no writ history.

■ Appellees, Wheeler and Transcontinental, contend that writ of error jurisdiction to this court is unavailable to Transport Insurance Company for the reason that Transport was not a "party" to this action on April 7, 1967. While Transport removed itself from the case by compromise judgment on January 10, 1967, for all practical purposes so far as this record reveals, such judgment was not final until April 7, 1967. Since that judgment was interlocutory until April 7, we hold that Transport was a party of record to this action on the date of final judgment and was required to take notice of its entry and effect. J. M. West Lumber Co. v. Lyon, 53 Tex.Civ.App. 648, 116 S.W. 652, err. ref.; Banks v. Crawford, 330 S.W.2d 243, 246 (Tex.Civ.App.), err. ref., n.r.e.; Chapa v. Wirth, 343 S.W.2d 936 (Tex.Civ.App.), no writ history; 41 Tex.Jur.2d, p. 538, Sec. 19.

The motion to reinstate Wheeler's action was filed on January 6, 1967, four days before the entry of Transport's compromise judgment on January 10, and Transport was bound to take notice of such motion and was charged with knowledge of the action subsequently taken by the trial court. The record fails to show that appellant was misled by any affirmative act of Wheeler and Transcontinental, which might require actual notice. Cf. Box v. Associates Investment Co., 352 S.W.2d 315 (Tex.Civ. App.), no writ history.

■ While both judgments, the interlocutory judgment of January 10 and the final judgment of April 7, were compromise judgments and not the result of conventional trials, appellant, of course, did participate in the matters affecting its phase of the case by agreeing to the compromise, and signing and approving it and receiving the money. The judgment of April 7 did not, so far as this record reveals, affect the rights of appellant other than to render appellant's judgment of January 10 final. The April 7 judgment was not rendered against or in favor of appellant, Transport. Article 2249a, governing review by writ of error, was intended to cut off the right of appeal by writ of error by those who participate in the hearing in open court in the trial that leads to final judgment, but the statute was not intended to cut off such rights of those who have no notice that a judgment has been rendered *against them* after the judgment has been rendered. No judgment was ever rendered against Transport in this case. Moreover, the legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096 (1941). Here intervenor participated in the "trial" and chose the wrong remedy. It cannot appeal by writ of error under such circumstances. Art. 2249a, Vernon's Ann.Civ.St.; Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex. Sup.1965).

What we have said has no relation to the right of intervenor, Transport Insurance Company, to a proper attack upon the judgment in the trial court, by way of bill of review or other remedies to which it might be entitled in a proper proceeding where the issues may be effectively developed. See McEwen v. Harrison, supra; 4 McDonald, Texas Civil Practice, Sec. 18.24 et seq. This record, including the possible equities involved, is in no condition for appellate review by appeal or writ of error by intervenor.

The motions to dismiss are granted, and the appeal and application for writ of error are dismissed at intervenor's cost.