JOSEPH N. GILL, COMMISSIONER OF ENVIRONMENTAL PROTECTION *v.* MORTON SHIMELMAN ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued March 6—decision released May 13, 1980

*Robert A. Firger,* for the appellants (defendants).

*Richard F. Webb,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (plaintiff).

PER CURIAM. In June, 1974, the plaintiff commissioner of environmental protection, pursuant to General Statutes § 25-54k, ordered the defendant Land Development Company to correct the existing subsurface sewage disposal system serving two tenement buildings in Canton. Almost nine months later, after notice and an opportunity to be heard had been afforded the company under § 25-54*o*, the parties agreed to the entry of a consent order modifying the original order. The consent order pro-

vided that the company would reconstruct the sewage system in accordance with an approved plan of a licensed professional engineer at a time schedule agreed to by the parties. The order was modified by consent of the parties again in April, 1976, giving the company until June 30, 1976, to commence construction. When the company failed to do so, the commissioner requested the attorney general to bring this action under § 25-54k to enjoin the company from polluting the waters of the state.

The named defendant, Morton Shimelman doing business as Land Development Company, demurred for nonjoinder of necessary parties. Shimelman named Joseph Venick, his partner in Land Development Company, and thirteen tenants of the buildings as necessary parties. The demurrer was sustained as to Venick but overruled as to the tenants. The court granted the commissioner's motion to amend the complaint citing Venick as a codefendant. The court enjoined the defendants from maintaining a source of water pollution as requested by the commissioner.

The defendants have appealed solely on the ground that the court erred in failing to find that the tenants were necessary parties to the action. The defendants argue that failure to join the tenants as parties violates the tenants' due process rights to a hearing and appeal under General Statutes §§ 25-54o and 25-54p.[1] The defendants also

---

[1] General Statutes § 25-54o provides in part: "Any person . . . aggrieved by any such order [to abate pollution] . . . may, within thirty days from the date such order is sent, request a hearing before the commissioner."

General Statutes § 25-54p provides in part: "Any person . . . aggrieved by any order of the commissioner . . . to abate pollution . . . may, after a hearing by the commissioner . . . [under § 25-54o] appeal . . . to the superior court . . . ."

contend that §§ 52-473 and 52-474[2] require the commissioner to give notice of his application for an injunction to the tenants as adverse parties.

The commissioner claims that the defendants do not have standing under *Shaskan* v. *Waltham Industries Corporation,* 168 Conn. 43, 48–49, 357 A.2d 472 (1975), to raise the claims of the tenants who are third parties. The question of standing is not in issue. The defendants do not raise the claims of the tenants but seek only to include them as necessary parties.

It is a well-established rule of this jurisdiction that a court will not proceed to adjudicate a matter until all persons directly concerned have been given actual or constructive notice of the pendency of the proceedings and a reasonable opportunity to appear and to be heard. This is a jurisdictional limitation which rests upon a sound constitutional basis. *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 527, 290 A.2d 327 (1971); *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22 (1917). Those sections of the Water Pollution Control Act and the statutory limitations on the issuance of injunctions cited by the defendants are consistent with this rule.

Here the defendants seek to include as parties defendant persons who have not attempted to exercise their right to be heard under the statute and

---

[2] General Statutes § 52-473 provides in part: "[N]o temporary injunction shall be granted without notice to the adverse party . . . ."

General Statutes § 52-474 provides: "Any person who may be directly or indirectly interested in, or affected by, the granting of any temporary or permanent injunction, may appear and be heard with regard to granting or dissolving the same."

whom the plaintiff has expressed no desire to sue. If the tenants are not joined as parties, the trial court's judgment will not be binding as to them. *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973); *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778 (1952). The defendants do not claim that their interests will be prejudiced by multiple suits or multiple liability if the tenants are not included as parties. *Corey* v. *Avco-Lycoming Division,* supra, 316–17; *Bridgeport Hydraulic Co.* v. *Pearson,* supra, 195. Nor is there any evidence in the record to show that failure to include them now might result in unnecessary litigation later. James & Hazard, Civil Procedure (2d Ed. 1977) §§ 9.14–9.20, pp. 427–43; see Fed. R. Civ. Proc. 19 (a). Holders of interests in land which will not be disturbed or affected by the relief requested need not be joined. James & Hazard, op. cit. § 9.23, p. 447.

This court has said that "[o]ne who is not injured by the operation of a law cannot be said to be deprived by it of his constitutionally protected rights." *Shaskan* v. *Waltham Industries Corporation,* supra, 49; *Windsor* v. *Whitney,* 95 Conn. 357, 367, 111 A. 354 (1920). The injunction ordered the company and its owners, not the tenants, to stop polluting the water. The tenants' rights were not determined by the order. Therefore it was not necessary to include them as parties. There is no evidence in the record to show that they are persons aggrieved under the act, let alone necessary parties with claims which must be heard before the case between the existing parties may be decided. Furthermore, any tenant who claims in the future that his rights are affected by the judgment in this

case may exercise his right under § 52-474 to appear and to be heard in an effort to dissolve the injunction.

There is no error.