HARTFORD NATIONAL BANK AND TRUST COMPANY *v.* STANLEY V. TUCKER ET AL.

BOGDANSKI, PETERS, HEALEY, PARSKEY and BIELUCH, Js.

Argued May 9—decision released June 24, 1980

*Stanley V. Tucker,* pro se, the appellant (named defendant).

*Neil E. Atlas,* with whom, on the brief, was *Paul A. Hudon,* for the appellee (plaintiff).

PER CURIAM. This case involves a foreclosure action instituted in January, 1976. On December 2, 1977, the court rendered a judgment ordering foreclosure by sale, from which the named defendant (hereinafter the defendant) appealed to this court. On July 24, 1979, this court concluded that no error had been committed by the trial court and remanded the case to it to set a new date for a public sale of the mortgaged premises. *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 480, 423 A.2d 141 (1979). On July 27, 1979, the plaintiff filed a motion with the trial court seeking an order setting a new date for a public sale of the subject property and other incidental orders. On August 3, 1979, the defendant filed a motion to reargue his appeal before this court, which was denied on September 19, 1979. On September 21, 1979, he filed a motion with this court for a stay of proceedings so that he might prepare a petition for certiorari to be filed with the United States Supreme Court. We granted the defendant a stay of proceedings for thirty days on November 1, 1979.[1]

Notwithstanding the continued appellate status of this case,[2] on September 5, 1979, the trial court,

---

[1] The defendant's petition for certiorari was ultimately denied by the United States Supreme Court. 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980).

[2] Proceedings to enforce or carry out the judgment are automatically stayed upon the filing of a motion to reargue the appeal unless the Chief Justice directs otherwise. See Practice Book, 1978, § 3112. See also Maltbie, Conn. App. Proc. §§ 292, 293.

*N. O'Neill, J.*, granted the plaintiff's motion of July 27, 1979, and modified the judgment to provide for a public sale to be held on October 13, 1979.[3] The defendant filed the present appeal from that judgment. Again, notwithstanding the defendant's present appeal, which triggered an automatic stay of execution of the modified judgment; see Practice Book, 1978, § 3065; the property was sold on October 13, 1979.

As this brief history of the case reveals, the modification of the judgment ordering a public sale of the property, and the sale held pursuant thereto, were without judicial authority. It is fundamental to the judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be, subject to review.[4] This principle is as binding upon this court as it is upon courts of lesser jurisdiction in this state. A party accorded the right of appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes. This the defendant was deprived of, and so, he was deprived of due process of law.

We have reviewed the other claims raised by the defendant and conclude that none has merit.

There is error, the order of the court dated September 5, 1979, modifying the judgment of fore-

---

[3] In addition to ordering a new date for a public sale and other incidental orders on September 5, 1979, the trial court also "affirmed" the earlier judgment of December 2, 1977, "in all other respects."

[4] There are, of course, circumstances in which the trial court may terminate an automatic stay of execution by our rules of practice. See Practice Book, 1978, § 3065. But even that decision is subject to review by this court. See Practice Book, 1978, § 3067.

closure is set aside and the case is remanded for the setting of a new date for a public sale of the mortgaged premises and any other necessary orders not inconsistent with this opinion.[5]

---

[5] As our disposition of this appeal makes clear, the sale of the property on October 13, 1979, is void, and therefore, of no force and effect.