JANET G. GRAHAM *v.* MARILYN R. ZIMMERMAN

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 15—decision released July 1, 1980

*Steven E. Arnold,* for the appellant (plaintiff).

*Charles B. Alaimo,* with whom was *Thomas J. Barberie,* for the appellee (defendant).

LOISELLE, J. This appeal is from the denial of a petition for a new trial by way of equitable relief from a judgment of strict foreclosure.

A review of the following facts found by the court, which are undisputed by the parties,[1] facilitates an understanding of the issues on this appeal. On December 22, 1971, the plaintiff, Janet Graham, executed a note in the principal amount of $50,000, payable one year after that date, in favor of the defendant, Marilyn R. Zimmerman. This note was secured by a mortgage on certain real estate owned by Graham and located in Suffield.

On June 9, 1975, Zimmerman instituted an action to foreclose the mortgage in the Hartford County Superior Court. On July 16, 1975, Zimmerman moved for a default judgment against Graham for her failure to appear, and for an order requiring any appearing defendants in that action to disclose any defense they might have and, upon their failure to do so, for judgment against those defendants. See Practice Book, 1978, § 236. Because no appearance had been filed for Graham, Zimmerman's attorney, Charles Alaimo, served on Graham by certified mail the above motions on July 21, 1975. On July 25, 1975, Attorney Phyllis Corneal filed an appearance for Graham and examined the foreclosure file in the clerk's office; she was, therefore, aware of the pending motions for default for failure to appear and for disclosure of defense and judgment. On that date, Corneal advised the court that she had a defense to the foreclosure action and that she expected to file a pleading on the following Monday, July 28, 1975. Corneal never filed any defense to the action.

Over a month later, on September 5, 1975, the two motions referred to were scheduled to be heard

[1] Although the plaintiff, Janet Graham, assigned error to the trial court's finding of subordinate facts, this assignment has not been briefed and is, therefore, not considered.

by the court, and Corneal knew of this scheduled hearing. On September 5, 1975, at approximately 9:15 a.m., Corneal advised Alaimo by telephone that she would be unable to attend the scheduled hearing; Alaimo informed her that he was going forward on the case and that he would not agree to postpone it because it had been postponed before. She advised him that, if the motions went forward, she would file a motion to "reopen" any judgment which might enter. On September 5, 1975, in the absence of Corneal and of Graham, the motions went forward and a judgment of strict foreclosure was rendered against Graham for her failure to disclose a defense. Corneal took no action to protect her client from a default judgment for failure to disclose a defense. The court found the amount due on the note to be $49,612.58, including interest, and established a law day for the redemption of Graham's interest of December 15, 1975. Neither the plaintiff nor Corneal, however, received notice from the clerk that judgment had been rendered as required by General Statutes § 51-53. On February 6, 1976, the plaintiff filed a motion to open the judgment of foreclosure on the ground that she had never received notice of the judgment.[2] The trial court denied the motion on the basis of General Statutes § 49-15,[3] concluding that the only remedy

[2] The plaintiff filed another motion to open the judgment on September 10, 1976, which was denied by the court on the basis of the disposition of the earlier motion.

[3] "[General Statutes] Sec. 49-15. OPENING OF JUDGMENTS OF FORE-CLOSURE. Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding that the term of court may have expired, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

available to the plaintiff was a petition for a new trial.[4] The plaintiff then brought the present action for equitable relief, including a new trial.

The trial court, in denying the relief sought, concluded: That Corneal had no justifiable excuse for being absent from the September 5, 1975 hearing and, therefore, that the judgment rendered against the plaintiff on that date for failure to disclose a defense was proper;[5] that the provisions of General Statutes § 51-53, requiring the clerk to notify counsel in writing of any decision of the court that is not rendered in the presence of such counsel, is directory and not mandatory; and that the clerk's failure to notify counsel of the judgment rendered in this case did not deprive the plaintiff of due process of law.

Although we need not address the plaintiff's claim that the clerk's failure to notify her of the judgment entered in accordance with Practice Book, 1978, § 236, entitled her to a new trial on the foreclosure action, we note that the duty imposed on the clerk to notify counsel in writing of the court's decision is mandatory. The statute provides in pertinent part that: "Whenever any court, or the judge of any court acting in any matter coming before him as such judge, has made or rendered any decision . . . unless the same is made or rendered in the presence of counsel in such matter, the clerk

<hr>

[4] An appeal from this decision was later dismissed on technical grounds. *Zimmerman* v. *Graham*, 173 Conn. 753, 373 A.2d 1205 (1977).

[5] Although Corneal had claimed that she had to be at the Superior Court in Middletown for a certain case on the day of the hearing, the trial court concluded that no such case was on a court docket in Middletown on September 5, 1975, and that Corneal's excuse was, therefore, not justified.

of such court *shall forthwith* notify such counsel, in writing, of such decision . . . ." (Emphasis added.) General Statutes § 51-53. The word "shall" imposes a mandatory duty on the clerk to notify counsel promptly of the court's decision. Section 1-1 of the General Statutes provides that in construing statutes, words and phrases are to be given their ordinary meaning. Unless the context indicates otherwise, the word "shall" must be assumed to have been used with full awareness of its ordinary meaning. *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 428-29, 226 A.2d 380 (1967). Although notice of the rendition or entry of judgment is not essential to a valid judgment; Restatement, 1 Judgments §§ 4 through 10; where notice is required by statute such notice should be given.[6]

The case must be remanded, however, to include necessary parties. The complaint alleges that after the court's judgment of foreclosure had entered and Zimmerman had acquired title, Zimmerman conveyed the property to Martha Epstein. The complaint also alleges that approximately three months later Epstein conveyed the property to her attorney, Lawrence W. Borns, who in turn conveyed portions of the property to Robert C. Winter and Debra B. Winter, to Walter Thayer and Brenda Thayer, and to Richard E. Hastings who later conveyed an interest in his parcel to Julia H. Hastings

---

[6] When judgment enters in a federal court, rule 77(d) of the Federal Rules of Civil Procedure requires the court clerk to send written notice by mail to each party who is not in default for failure to appear. In other jurisdictions, the entry of judgment itself serves as notice to the parties. *In re Cook,* 77 Cal. 220, 230, 19 P. 431 (1888); *Town & Country Drive-In Shopping Centers, Inc.* v. *Abraham,* 46 Ohio App. 2d 262, 265, 348 N.E.2d 741 (1975); *Transport Ins. Co.* v. *Wheeler,* 420 S.W.2d 635, 637 (Tex. Civ. App. 1967); 46 Am. Jur. 2d, Judgments § 160.

and Lawrence W. Hastings. The defendant, Zimmerman, has acknowledged the existence of subsequent purchasers in her brief. Each of the subsequent purchasers was named as a party defendant in the complaint. The record shows, however, that this action was withdrawn as to the subsequent purchasers, that is, as to all defendants except Zimmerman, on September 27, 1978. The plaintiff, in her appeal from the denial of her petition for a new trial by way of equitable relief, would have this court set aside the judgment of the trial court and order the setting of a new law day for the redemption of her interest in the property. This result would require the conclusion that title to the property or, more precisely, the equity of redemption, remains in the plaintiff subject to the mortgage to Zimmerman and that any claim to title which arose after the September 5, 1975 judgment of foreclosure is without basis in law. This we cannot do.

Some subsequent purchasers of the property in question may have been bona fide purchasers for value.[7] Anyone having a present interest in the property in question is a necessary party to this action because he or she holds a known interest in the land which would be affected by the relief sought. *McShan* v. *Sherrill*, 283 F.2d 462, 463–64 (9th Cir. 1960). *McShan* v. *Sherrill* relies on two earlier cases regarding necessary parties to a property case: (1) *Stewart* v. *United States*, 242 F.2d 49, 51 (5th Cir. 1957) ("[N]o decree can be entered

---

[7] Although the complaint alleges that all of the subsequent purchasers took title to the property "with record and/or actual notice of the plaintiff's equitable claim," the court made no such finding of fact and the defendant's brief appears to indicate the contrary. The uncertainty regarding the knowledge of subsequent purchasers at the time of purchase can be clarified after they are joined as necessary parties.

affecting the title to property or cancelling any cloud thereon unless all of the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the court.") and (2) *Washington* v. *United States,* 87 F.2d 421, 427 (9th Cir. 1936) which quotes *Shields* v. *Barrow,* 17 How. 130, 141, 58 U.S. 130, 141, 15 L. Ed. 158 (1855) (" '[N]o court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court.' "). Other authorities also adhere to the rule regarding necessary parties as enunciated in *McShan* v. *Sherrill. Haiku Plantations Assn.* v. *Lono,* 529 P.2d 1, 5 (Hawaii 1974) (Owner of reversionary interest in land "has a substantial interest in such property and such a person should be made a party in any litigation which may in any way reach or concern such interest."); *Ellis Realty* v. *Chapelski,* 28 Ill. App. 3d 1008, 1011–12, 329 N.E.2d 370 (1975) (Land trustee as legal owner is not a necessary party because plaintiff's claim on contract for personal services does not affect land trustee's title to or possession of the real estate.); *Schroeder* v. *Burleigh County Board of Commissioners,* 252 N.W.2d 893, 896–97 (N.D. 1977) (Successful applicant for zoning change should be joined as party in order to protect his interest in property against aggrieved person appealing from decision of zoning board); James & Hazard, Civil Procedure (2d Ed.) § 9.23, p. 446; see 3A Moore's Federal Practice (2d Ed.) ¶ 19.09[1], pp. 19-198 through 19-200. This court has no jurisdiction over persons who have not been made parties to the action before it. Any judgment rendered in this action in the absence of subsequent purchasers who hold a present interest would not

be binding as to them. *Gill* v. *Shimelman,* 180 Conn. 568, 571, 430 A.2d 1292 (1980); *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). Although "[a] judgment decreeing that the plaintiff is the owner of land will not bind nonparties who claim title . . . [to] it . . . it will undoubtedly cast a cloud on their title" and the nonparties should be joined to protect their interests. James & Hazard, supra, § 9.16, pp. 430–31. Joinder of the record owners in this action will also avoid future litigation which would be certain to follow if this court were to grant the relief requested by the plaintiff thereby clouding the title of these subsequent purchasers. Id., § 9.18, p. 435–36.[8] These concerns, the protection of the interests of absent parties and the protection of society's and the court's interest in complete, consistent and efficient litigation of claims concerning the same subject matter, constitute two of the four "interests" which the United States Supreme Court has said should be examined in each case to determine whether the court should proceed without a party. *Provident Tradesmen's Bank* v. *Patterson,* 390 U.S. 102, 109–11, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968).[9] For this court to grant the relief requested by the plaintiff against the defendant, neither of whom holds title to the property at present, in the

---

[8] See also *Booker* v. *Everhart,* 294 N.C. 146, 240 S.E.2d 360 (1978), in which the court, in determining whether an individual was a necessary party, considered whether a judgment completely and finally determining the action could be rendered without his presence as a party. If "complete determination of the matter cannot be had without the presence of other parties, the court must cause them to be brought in." *Booker* v. *Everhart,* supra, 156.

[9] Although the court articulated these considerations in the context of rule 19(b) of the Federal Rules of Civil Procedure, the considerations raised reflect a pragmatic approach to the determination of

absence of record owners who have acquired title through six different conveyances would be to assure further litigation and to depart from the well-established rule of this jurisdiction that "a court should not determine questions unless all persons whose interests will be affected are parties to the action." *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308 (1947); *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508, 100 A. 22 (1917). See also *Lambrakos* v. *Carson,* 174 Conn. 482, 487-88, 391 A.2d 142 (1978).

There is error in part, the judgment is set aside and the case is remanded with direction to include all record owners of the subject property as parties defendant.

In this opinion COTTER, C. J., BOGDANSKI and PETERS, Js., concurred.

ARTHUR H. HEALEY, J. (dissenting.) I cannot agree with the reasoning or the disposition of the majority. The majority concludes that all record owners of the property involved are necessary parties to this action and that we cannot finally resolve this appeal without them. I would readily agree with the majority if this were a quiet title action brought pursuant to General Statutes § 47-31. If it were, the plaintiff would then be required to "name the person or persons who may claim such adverse estate or interest" to which the statute earlier refers. General Statutes § 47-31. But the plaintiff's action is clearly not one to quiet title. The plaintiff brought this action seeking equitable

who may be a necessary party. This approach requires a court to balance factors which vary with each case. See *Riley* v. *County of Cochise,* 10 Ariz. App. 55, 58-59, 455 P.2d 1005 (1969).

relief, which included a petition for a new trial, from a judgment of strict foreclosure. Her complaint challenges the legality of the procedure followed in the foreclosure action.

None of the cases cited by the majority involved a challenge to the validity of a foreclosure action and the proceedings that flowed from such an action, as this appeal does. Although the majority opinion refers to cases from other jurisdictions to support the conclusion that the record owners are necessary parties, it does not refer to a recent decision of this court I deem to be on point. In *Hartford National Bank & Trust Co.* v. *Tucker,* 181 Conn. 296, 435 A.2d 350 (1980), the defendant challenged the validity of a court ordered sale of property owned by him after a judgment of foreclosure had been rendered by the court. Because at the time the trial court ordered and later approved a sale of the property the case was still involved in the ongoing appellate process of this court as well as that of the United States Supreme Court, we declared that the trial court's action was without legal authority. In setting aside the order of the court authorizing the sale and remanding the case for the setting of a new date for a public sale, we stated in a footnote: "As our disposition of this appeal makes clear, the sale of the property . . . is void, and therefore, of no force and effect." *Hartford National Bank & Trust Co.* v. *Tucker,* supra, n.5.

Although in *Hartford National Bank & Trust Co.* v. *Tucker,* supra, we concluded that the court's action in ordering a sale of the property, pursuant to which a deed was executed and later approved by the court, was without judicial authority, we did so without the purchaser at that sale being a party

to the action. While the purchaser could have been joined as a party in that case, his absence as one was of no consequence to our disposition. That action, like the present one, involved the disputed validity of a foreclosure judgment and the effect on the title to the property involved was only incidental to the dispute of that judgment. I believe that the holding of the majority is contrary to our precedent in *Hartford National Bank & Trust Co.* v. *Tucker,* supra.

This action is a dispute between just two parties, the plaintiff, Graham, and the defendant, Zimmerman. For the purpose of resolving the issues raised by these two parties on this appeal, the subsequent purchasers could add nothing, as not one of them was directly involved in the foreclosure action which generates this appeal. While it is true that, for purely practical purposes, it would have been to the plaintiff's advantage not to withdraw the case with respect to the subsequent purchasers, her decision to do so is of no consequence to the resolution of the basic dispute between the plaintiff and the defendant, as is evident from the issues framed by them in this appeal. Moreover, and significantly in view of the majority's holding, the subsequent purchasers appear to have recognized this fact when they agreed, by written stipulation which is part of the record, to permit a trial before a state referee solely between the plaintiff and the defendant on the issues, albeit without a waiver of any rights they might have as set out in the stipulation. Ordinarily, where a case is tried on a certain theory, we determine the appeal upon the same theory. See, e.g., *Machiz* v. *Homer Harmon, Inc.,* 146 Conn. 523, 525, 152 A.2d 629 (1959); *Jenkins* v. *Bishop Apart-*

*ments, Inc.,* 144 Conn. 389, 391, 132 A.2d 573 (1957) ; see also Maltbie, Conn. App. Proc. § 42. I believe we should do so here, especially because of this stipulation and the later withdrawal of the action against the former defendants.

The majority also indicates that it is significant that some of the subsequent purchasers of the property may have been bona fide purchasers for value. While a person's status as a bona fide purchaser for value may be important where the recordation of interests in real estate is involved, it is not so here. It is well-recognized that where the conveying instrument is void "even a *bona fide* purchaser or mortgagee for value and without notice will not acquire an estate or interest as against the owner." Burby, Real Property § 264, p. 489. Professor Cribbet, writing on the operation of recording systems, has stated: "Nor can recording give validity to a void deed or mortgage. Recording places on file, in a public place, the written evidence of a conveyance; if that conveyance was void for want of delivery, forgery, lack of capacity in the grantor due to infancy or insanity, etc., it is void still." Cribbet, Principles of the Law of Property, p. 218. Since a deed that is obtained through or by a court acting without legal authority is void, it follows that any claim of title flowing from such a deed is void. This elementary principle of real property law makes clear that the validity of the title of subsequent purchasers depends upon the validity of the defendant Zimmerman's title. The record owners whom the majority holds are necessary in this action are wholly unnecessary to the decision of the

real issue of whether Zimmerman had valid title to the property involved pursuant to the foreclosure judgment.

Accordingly, I would reach the merits of the issues on this appeal and, therefore, I dissent.