STATE OF CONNECTICUT *v.* ANONYMOUS (1980–9)*

APPELLATE SESSION OF THE SUPERIOR COURT

ARMENTANO, J. The defendant pleaded guilty to a substituted information charging him with the crime of larceny in the third degree. The plea was accepted by the court and sentence was imposed the

* Thus entitled, in view of General Statutes § 54-142a.

same day. Eighteen days later, the defendant filed a motion to vacate judgment and to withdraw his guilty plea on the ground that he had no knowledge that his plea would result in a violation of his probation. The motion was denied and the defendant appeals claiming: (1) That the court erred in concluding that a ten-day period of limitation precluded relief on the defendant's motion and (2) that the court erred in not vacating the judgment and allowing the defendant to withdraw his plea both due to the court's failure to follow the mandatory provisions of the rules and as a matter of constitutional law. The state here agrees that the taking of the plea was defective and does not wish to contest the procedural devices used to challenge the validity at the trial court level.

## I

We agree that the court was in error in concluding that the defendant was required to file his motion within ten days. The statutes do not set forth a ten-day period applicable to this situation.[1] Further, the prohibition against withdrawing the guilty "plea after the conclusion of proceedings at which the sentence was imposed"; Practice Book,

[1] General Statutes § 51-239b provides in part as follows: "In criminal proceedings the judge shall advise the accused of his right to trial by jury at the time he is put to plea and, if the accused does not then claim a jury, his right thereto shall be deemed waived, *but if a judge acting on motion made by the accused within ten days after judgment* finds that such waiver was made when the accused was not fully cognizant of his rights or when, in the opinion of the judge, the proper administration of justice requires it, the judge shall vacate the judgment and cause the proceeding to be set for jury trial in accordance with the provisions of section 51-239a." (Emphasis added.) The trial court may have had this provision in mind in denying relief because the defendant's motion was not filed within ten days after the guilty plea had been entered. The provision by its terms does not become applicable unless the court has advised the defendant of his right of jury trial. *State* v. *Anonymous* (1980-8), 36 Conn. Sup. 551, 555n, 421 A.2d 867. The record in this case does not indicate that the court ever informed the defendant that he had a right of trial by jury.

1978, § 720; does not apply here. Although if read in isolation this sentence might seem applicable, § 720 also requires that the defendant be allowed to withdraw his guilty plea upon proof of one of the grounds enumerated in Practice Book, 1978, § 721. In this case, the plea and judgment occurred contemporaneously, depriving the defendant of the opportunity to prove one of the § 721 grounds before sentencing.

## II

The acceptance of a guilty plea is governed by both federal constitutional requirements and state rules of practice. Under these requirements a trial judge shall not accept a guilty plea unless he has determined that such a plea was voluntarily and knowingly entered by the defendant. The federal standards must be applied to determine whether a plea is voluntarily made. *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, there is the privilege against compulsory self-incrimination . . . . Second, is the right to trial by jury . . . . Third is the right to confront one's accusers . . . . We cannot presume a waiver of these important federal rights from a silent record." Id. Accord, *Anonymous* v. *Warden (1980–4),* 36 Conn. Sup. 168, 171, 415 A.2d 764.

Under the Connecticut rules of practice, the trial judge shall not accept a plea of guilty without first addressing the defendant personally and determining that he fully understands the items enumerated in Practice Book, 1978, § 711.[2]

---

[2] "Sec. 711 —— ——ADVICE TO DEFENDANT

The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

Practice Book, 1978, § 720, discussed above, states that "[a]fter acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721." The word "shall" indicates that this provision is mandatory. "Section 1-1 of the General Statutes provides that in construing statutes, words and phrases are to be given their ordinary meaning. Unless the context indicates otherwise the word 'shall' must be assumed to have been used with full awareness of its ordinary meaning." *Graham* v. *Zimmerman,* 181 Conn. 367, 371, 435 A.2d 996 (1980).

Practice Book, 1978, § 721 reads: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows: (1) The plea was accepted without substantial compliance with Sec. 711 . . . ." At issue is whether this ground for allowing withdrawal of the plea was present in this case.

The record indicates that on the day the defendant pleaded guilty, the following took place: "The Clerk: . . . [Y]ou are charged with larceny in the third degree in violation of Section 53a-124, to this charge how do you plead? The Defendant: Guilty. The Court: The court makes a finding of guilty."

(1) The nature of the charge to which the plea is offered;

(2) The mandatory minimum sentence, if any;

(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

No questions were asked of the defendant by the trial judge regarding his guilty plea. The judge did not advise him that he "has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself." Practice Book, 1978, § 711 (5). The record is "silent" as to the waiver of these rights, and thus does not comply with the constitutional standards as determined in *Boykin* v. *Alabama,* supra, and the rules of the Superior Court as set forth in Practice Book, 1978, §§ 711 through 713. There is no mention in the record of the constitutional rights which the defendant was waiving. Clearly, there has been no affirmative disclosure of waiver, nor are we constitutionally permitted to presume such a waiver. *Boykin* v. *Alabama,* supra; *Blue* v. *Robinson,* 173 Conn. 360, 373, 377 A.2d 1108 (1977). The trial judge failed to advise the defendant of his constitutional rights and this failure renders the plea involuntary.

The trial judge should have permitted the defendant to withdraw his plea of guilty because it was accepted without substantial compliance with Practice Book, 1978, § 711 (5). The refusal to permit the withdrawal of the plea was a denial of due process, and thus a violation of the defendant's constitutional rights.

There is error, the plea of guilty and the judgment are set aside, and the case is remanded for the defendant to replead and for further proceedings according to law.

In this opinion SHEA and BIELUCH, Js., concurred.