[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a quiet title action brought by Hypam Enterprises, which asserts title to a strip of land approximately seven feet wide bordering its premises in Naugatuck. The defendants named in the writ, summons, and complaint are William and Kathleen Gaynor, Frances and James Tully, and "all unknown persons, claiming or who may claim any rights, title, interest or estate in or lien or encumbrance upon the real property described in this complaint, adverse to the plaintiff, particularly from or through one Mark Sugarman, whether such claim or possible claim be vested or contingent." The Gaynors and the Tullys have been duly served and appeared by counsel at an evidentiary hearing on November 22, 1991. The last named group of defendants has never been served in any way. At the hearing, the appearing defendants suggested that because of this fact, under the peculiar circumstances of this case, the action ought to be dismissed. The court agrees.
Mark Sugarman originally owned a large block of land in Naugatuck. In the late 1930's, on different occasions, he deeded away different portions of that land. Hypam Enterprises, the Gaynors, and the Tullys all trace their ownership to Sugarman. Unhappily, in the course of deeding away his land, Sugarman left a seven-foot strip of it unaccounted for. That strip lies between Hypam's land on the one hand and the Gaynors' and Tullys' land on the other. Now everyone wants it. But who owns it now? The theory of Hypam's complaint is that the strip in question "remained undeeded and is up to this time vested in. . . Sugarman, his heirs, devisees, or assigns." Sugarman and his heirs are thus indispensable parties to the action. CT Page 9446
Hypam's complaint is accompanied by an affidavit of its attorney stating that he has had "a thorough search" conducted in order to locate Sugarman and his heirs and that the search has been unavailing. Hypam apparently considers this to be the end of the matter, but it is not. Service must still be made. "It is a well-established rule of this jurisdiction that a court will not proceed to adjudicate a matter until all persons directly concerned have been given actual or constructive notice of the pendency of the proceedings and a reasonable opportunity to appear and to be heard. This is a jurisdictional limitation which rests upon a sound constitutional basis." Gill v. Shimelman, 180 Conn. 568,570, 430 A.2d 1292 (1986). When a defendant cannot be found, the plaintiff must seek an order of notice (usually notice by publication) from the court. Conn. Gen. Stat. 52-52; P.B. 199-203. Because this was not done here, the court has no jurisdiction.
The action is dismissed.
Dated at Waterbury, this 27th day of November, 1991.
JON C. BLUE Judge of the Superior Court