[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 13, 1995
Defendants have moved to strike plaintiff's amended complaint dated October 26, 1994 on the grounds that the plaintiff has not made the other mechanic's lienors parties to the action; and cites Practice Book § 186 as well as the requirement to cite in necessary parties.
Practice Book § 186 merely requires the complaint to set forth the encumbrances on the subject premises, which it does, and does not require naming the encumbrancers as parties. CT Page 982
As to whether the three other mechanic's lienors named in paragraph eight are necessary parties, General Statutes § 49-33(c)(d) provides that without intervening encumbrances, and none have been alleged here, no mechanic's lien shall have priority over any other mechanic's lien. "Since such other (mechanic's) lienors are not subsequent encumbrances and cannot be foreclosed out, there is an obvious and sound basis for not making them parties to the foreclosure." ConnecticutForeclosures, Second Edition, Denis R. Caron, § 13.04A, pp. 209-10. Accordingly, they are not "necessary" parties and do not have to be made parties.
Gill v. Shimelman, 180 Conn. 568 cited by defendants is not applicable. If anything, it holds to the contrary position that "holders of interests in landwhich will not be disturbed or affected by the relief
requested need not be joined;" emphasis added; in that case tenants; nor is Lettieri v. American Savings Bank182 Conn. 1, applicable. It states that the decision as to joinder is in the sound discretion of the trial court, and that there was no prejudice in that case because the matters were consolidated; which can be done here as hereinafter stated.
In addition, it would appear that the situation contemplated by Mr. Caron in the next sentence on pp. 209-10 has occurred here. There has been no foreclosure action brought on the mechanic's liens described in paragraphs 8a and 8c, and it is more than a year since they were recorded or perfected. This is based upon representations by defense counsel at oral argument as well as a check of the clerk's files in this court where such an action would have to be brought, and a check of the Town Clerk's office. Under General Statutes § 49-39, these liens are invalid and discharged as a matter of law. Therefore, these liens are moot as to this action.
The mechanic's lien cited in paragraph 8b of the complaint is the subject of a pending foreclosure action in this court, docket number CV940055041Michael Wearne, dba v. Frederick J. and Fumiko Malon.
As suggested by Mr. Caron a motion to consolidate that CT Page 983 action with this action would appear to be appropriate.
Accordingly, the motion to strike is denied.