[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO RECONVEYMARITAL PREMISES (#213)
I. FACTS
On November 17, 1993, judgment in this case was rendered by CT Page 1588-O the court. In the memorandum of decision, the court ordered that the defendant, William Flannery, quitclaim his interest in the marital residence to the plaintiff, Joan Flannery. The defendant filed a motion for extension of time in which to file an appeal on December 3, 1993, and a motion to reopen and/or clarify its memorandum of decision on December 10, 1993. The motion to reopen was denied by the court on May 2, 1994. The plaintiff filed a motion for contempt against the defendant on March 21, 1994, seeking to have the court order the defendant to quitclaim his interest in the marital residence to the plaintiff. On May 2, 1994, the court ordered the defendant to return on May 6, 1994 and sign the quitclaim deed, with which order the defendant complied. The defendant, on May 20, 1994, appealed the November 17, 1993 judgment to the Appellate Court. The plaintiff filed a motion to dismiss the defendant's appeal on the ground of untimeliness, which was denied by the Appellate Court on July 20, 1994. The defendant filed a motion to stay execution of judgment and to set aside the conveyance on June 9, 1994, which was denied by the court on June 27, 1994.
On August 11, 1994, the defendant filed a motion to reconvey CT Page 1588-P marital premises, and on January 3, 1995, filed a memorandum of law in support. The plaintiff filed an objection to the defendant's motion on August 18, 1994, and a memorandum of law in support on January 3, 1995.
II. ISSUE
The defendant argues that because the court ordered the defendant to quitclaim his interest in the marital residence to the plaintiff despite the automatic stay imposed by Practice Book § 4046, the court should exercise its equitable powers to return the residence to the status it had before judgment. The plaintiff contends that because action is stayed during the defendant's appeal the court has no jurisdiction to determine the defendant's motion to reconvey the marital residence.
 III.
Practice Book § 4046 provides in pertinent part that:
"[i]n all actions, except where otherwise provided by statute CT Page 1588-Q or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is announced; but if the judge who tried the case is of the opinion that an extension to appeal is sought or the appeal is taken only for delay or that the due administration of justice so requires that judge may at any time, upon motion and hearing, order that the stay be terminated."
In discussing the purpose of the automatic stay of execution under Practice Book § 4046, the Supreme Court stated:
 "the finality of a trial court judgment is not directly affected by the fact that an appeal automatically stays the enforcement of a judgment. . . . The stay does not vacate the judgment obtained by the successful litigant. It merely denies the part the immediate fruits of his or her victory . . . in order to protect the full and unhampered exercise of the right of appellate review." CT Page 1588-R (Citations omitted; internal quotation marks omitted.) Preisner v. Aetna Casualty Surety Co., 203 Conn. 407, 414, 525 A.2d 83 (1987).
In the present case, the defendant filed a motion to reopen during the appeal period, which was denied by the court on May 2, 1994. The Supreme Court has determined that:
 "[i]f a motion to reopen judgment is filed during the appeal period, the time for filing the appeal then commences from the issuance of notice of the decision on the motion as provided in P.B. § 4009 (Rules of the Supreme Court)." (Internal quotation marks omitted.) Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 349, n. 7, 579 A.2d 1054 (1990).
The automatic stay was in place when the court ordered the defendant to quitclaim his interest in the marital residence to the plaintiff. The court in Farmers stated that:
"when a timely motion to open the judgment is filed, any CT Page 1588-S redemption . . . would be violative of the automatic stay, and any title derived through such stayed proceedings would be subject to defeasance." (Internal quotation marks omitted.) Id., 349.
In Hartford National Bank Trust Co. v. Tucker, 181 Conn. 296,435 A.2d 350, cert. denied, 449 U.S. 956, 101 S.Ct. 363,66 L.Ed.2d 221 (1980), the trial court ordered a public sale of the property despite an automatic stay of execution under Practice Book § 3065 (now § 4046). The court stated that:
 "[i]t is fundamental to the judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be subject to review." (Emphasis added.) Id., 298.
Furthermore, in Barclays Bank of New York v. Ivler,20 Conn. App. 163, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792
(1989), the court determined that Appellate Courts do not have the power to disturb a title, provided that it vested "pursuant to an CT Page 1588-Tauthorized exercise of jurisdiction by the trial court." (Emphasis added.) Id., 166. The Appellate Court also determined, inTessitore v. Tessitore, 31 Conn. App. 40, 46, 623 A.2d 496 (1993) that the appeal of a dissolution judgment stayed the transfer of an automobile.
The court, in its order of May 2, 1994, because of the automatic stay in place pursuant to Practice Book § 4046, engaged in an unauthorized exercise of jurisdiction. Even though the court had no jurisdiction in ordering execution of the judgment, this court presently has no greater jurisdiction in ordering that the residence be reconveyed. Because the jurisdiction exercised on May 2, 1993 was unauthorized, the jurisdiction to reconvey lies in the Appellate Court, unless the stay is terminated pursuant to Practice Book § 4046. Practice Book § 4046 provides that the stay may be terminated, upon hearing and motion, if "the due administration of justice so requires". See Hartford National Bank Trust Co. v.Tucker, 181 Conn. 298 n. 4; Bennett v. Heggerty,8 Conn. L. Rptr. 377, 378 (February 18, 1993, Fuller, J.) The defendant has made no motion to terminate the stay of execution under Practice Book § 4046, and the court has no jurisdiction over the motion now before CT Page 1588-U the court.
 IV.
The defendant also contends that the transfer of his interest in the property has jeopardized the security of his interest. However,
 "[i]f a judgment has been satisfied before it is reversed . . . the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost; and the mode of proceeding to effect this object must be regulated according to circumstance." (Internal quotation marks omitted.) Preisner v. Aetna Casualty Surety Co., supra 203 Conn. 414-15.
Accordingly, this court is without jurisdiction to order the defendant's interest in the marital residence reconveyed, and therefore, the defendant's motion is denied. CT Page 1588-V
HARRIGAN, J.