## SECOND DEPARTMENT, JANUARY, 1968

## (January 3, 1968)

■ JOSEPHINE BADAMI, Respondent, v. JOSEPH L. BADAMI, Appellant.— Judgment of the Supreme Court, Queens County, dated March 1, 1966, modified, on the law and the facts, by (1) deleting the first five decretal paragraphs,

which declare plaintiff to be the equitable owner of the real property in question, direct defendant to deed the property to her and set forth implementing and related directions and (2) substituting therefor a provision giving plaintiff an equitable lien on the property for the total of $7,644.25 expended by her. As so modified, judgment affirmed, without costs. In our opinion, the remedy of constructive trust is not available when the purpose of taking title in a veteran's name, upon his oral promise to reconvey, was to obtain a guaranteed loan under the Servicemen's Readjustment Act of 1944 (U. S. Code, tit. 38, former § 693 *et seq.*) for one not entitled to its benefits (*Towner* v. *Berg,* 5 A D 2d 481; *Dunn* v. *Dunn,* 1 A D 2d 888; see, also, *Perkins* v. *Hilton,* 329 Mass. 291; *Glosser* v. *Powers,* 209 Ga. 149 [specific performance denied]). However, in the interests of justice we are impressing an equitable lien on the property in favor of plaintiff, limited in amount to the money paid by her out of her own funds at the closing and thereafter in reduction of the principal of the mortgage indebtedness and to the extent to which the moneys expended by her for permanent improvements enhanced the value of the premises (*Towner* v. *Berg,* 5 A D 2d 481, *supra*). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.