Joyce LEEKS, Appellant,

v.

William LEEKS, Appellee.

No. 7470.

District of Columbia Court of Appeals.

Argued Dec. 11, 1973.

Decided March 20, 1974.

Barry Roberts, Washington, D. C., with whom Edgar T. Bellinger, Washington, D. C., was on the brief, for appellant.

Samuel J. Ochipinti, Suitland, Md., for appellee.

Before REILLY, Chief Judge, YEAGLEY, Associate Judge, and HOOD, Chief Judge, Retired.

YEAGLEY, Associate Judge:

Defendant appeals from a denial of her "Motion to Vacate Judgment, for New Trial, and Consolidation". The judgment she sought to have vacated had impressed a trust on real estate in favor of plaintiff.

Appellant's motion to vacate was based on claims that the judgment was void because indispensable parties were not joined and because there was legal error on the face of the record. We affirm the trial court's refusal to vacate the judgment but order modification of the judgment to protect the rights of parties not joined in the action.

On December 29, 1970, James E. Leeks, a resident of Maryland, died intestate. His heirs at law were his wife, Joyce Leeks, and his two adopted children, Lavinia C. Leeks and Dwight W. Leeks, ages 18 and 16 respectively. The decedent had purchased a home in the District of Columbia on August 18, 1947. The purchase of the property was financed with a loan guaranteed by the Veterans Administration.

On July 2, 1971, William Leeks (father of the decedent, hereafter appellee) filed a suit against decedent's widow, the appellant, in the Superior Court of the District of Columbia seeking to have a trust impressed on the property in his favor. He claimed that the property was purchased in his son's name so that he could obtain a Veterans Administration guarantee of the loan. He alleged further that he had made all payments on the mortgage and contended that the decedent merely was a trustee holding the property for him. Appellant, the only defendant,[1] denied that the decedent had purchased the property as trustee for the plaintiff.

The trial court found that the plaintiff and decedent entered into an agreement whereby the decedent purchased the property for the plaintiff. It further found that the plaintiff furnished $750.00 initially for the purchase, made the monthly mortgage payments, paid the taxes, insurance, and paid for necessary repairs to, and improvements of, the property. The court concluded that, "based on the payments made, and the documents and evidence before it, . . . a resulting trust [in-

ured] to the plaintiff, William Leeks." The court's order was dated July 27, 1972.

Appellant did not appeal from the decision of the trial court, but on March 2, 1973, filed a motion under Super.Ct.Civ.R. 60(b) to vacate the judgment. Appellant contends that the judgment was void for failure to join indispensable parties and because there was "an error of law apparent on the face of the record."

We first deal with appellant's second contention since it is easily disposed of. The error which appellant claims is "apparent on the face of the record" involves the alleged illegality of the agreement between the decedent and appellee. Appellant claims that the statute which grants loan guarantees to veterans requires that the home be owned and occupied by the veteran and that any agreement whereby a veteran uses his loan guarantee to buy a home for someone else, is "contrary to the statutory policy and should be held void." (Citing 38 U.S.C. §§ 1804, 1810 (1970).) Further, it is generally recognized that a trust will not be impressed for an illegal purpose. 89 C.J.S. Trusts § 123 (1955); Badami v. Badami, 29 A.D.2d 645, 286 N.Y.S.2d 590 (1968). Assuming, arguendo, the validity of this contention, we note that it was not made at trial or in any post-trial motion, and that no appeal was taken from the trial court decision.

It is settled that Rule 60(b) is not intended to be a substitute for the filing of an appeal which has been foregone. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). As Moore states in his treatise:

> Absent exceptional and compelling circumstances, [for failing to appeal] a party will not be granted relief from a judgment under clause (6) [of Rule 60(b)]: even though relief from the judgment might have been obtained had an appeal been taken . . . . [7

---

1. The complaint also named an illegitimate child of decedent's as a defendant but she consented to an entry of judgment against her.

Moore's Federal Practice ¶ 60.27[1] (1973).]

In the instant case appellant's only proffered justification for failing to appeal was that she "was unaware that judgment had been entered and that the time for appeal had run when she sought and retained new counsel."

We find that this explanation falls far short of the requirement that there be "extraordinary and compelling" circumstances to justify a movant's failure to take an appeal. *See* Harris v. Harris, D. C.App., 304 A.2d 635 (1973); Annat v. Beard, 277 F.2d 554 (5th Cir.), cert. denied, 364 U.S. 908, 81 S.Ct. 270, 5 L.Ed.2d 223 (1960).

Appellant's attack on the judgment for failure to join "indispensable" parties stands on a different footing. Insofar as the absence of an indispensable party may render a judgment defective, it may be attacked. at least to the extent of protecting the rights of the absent parties. It was stated in McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960) that: "The absence of indispensable parties can be raised at any time . . . even by the appellate court on its own motion." (Citations omitted.) In *McShan*, as in the case before us, the claim that indispensable parties were absent from the litigation, was made for the first time in a Rule 60(b) motion.

Whether or not the absent parties are truly indispensable or simply are persons who have an interest may control the result in such cases.[2] *McShan* was an action to quiet title to several parcels of land directly affected by a substantial change in the course of the Colorado River. Persons claiming title to affected parcels lying between appellant's and appellee's had not been made parties to the suit; clearly they were essential parties. The absent parties in the instant case likewise might be deemed essential to an action to quiet title, but it is at least debatable whether they are indispensable to the dispute between the parties here. Under Super.Ct.Civ.R. 19,[3] there can be a significant difference between absent parties and indispensable parties.

Appellant's claim is that Lavinia C. Leeks and Dwight W. Leeks held an undivided two-thirds interest in the estate of the decedent as his adopted children pursuant to D.C.Code 1973, §§ 19–303, 16–312; that they are persons who are "interested in the title . . . and who will be directly affected by any judgment" which affects the title, *McShan, supra*.[4] Appellant contends that, pursuant to Rule 19(a) of the Superior Court, their joinder was mandatory, even though not suggested at trial, and that the failure to join them requires reversal of the judgment and a new trial, wherein the children would be able to litigate their interests and appellant would be able to relitigate her interests.

Appellee claims that appellant, as mother of the absent adopted children, represented their interests. There is no evidence in the record to support this contention, which is made for the first time on appeal, and we reject it. Parents and children are not in privity with each other, such that a decision as to one is res judicata as to the other. *See* 1B Moore's Federal Practice ¶ 0.411[11] (1965).

While we believe that the children were, under. Rule 19(a), "Persons to be joined if Feasible", the teachings of the Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968),

---

2. *Cf.* Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

3. Identical to Fed.R.Civ.P. 19 except the last sentence of paragraph (a) of the federal rule, as to venue, is omitted.

4. We do not find it necessary to resolve the question of the applicability of *McShan* to the facts of this case.

require us to affirm the denial of appellant's motion to vacate the judgment, and order its modification to protect the interests of the nonjoined parties.

In *Provident* a judgment for a plaintiff was reversed by the Court of Appeals on the ground that an "indispensable" party was not joined as a defendant. The objection had not been made at trial or on appeal, but was raised by the Court of Appeals sua sponte. The Supreme Court, in reversing, explained the factors which must be considered in deciding when a party is "indispensable", so that his failure to be joined requires reversal.

At the outset the Court, in *Provident,* noted the difference between situations where an indispensable party objection is made at trial and where such objection is first raised after trial. Before trial there is a public interest in the efficient settlement of disputes, so that a trial where all parties are joined is favored. "After trial, considerations of efficiency of course include the fact that the time and expense of a trial have already been spent." *Id.* at 111, 88 S.Ct. at 738. The Court also stated that one who participated in the action, and at trial raised no objection to the absence of a party, would not be heard to complain of prejudice to him caused by the absence of that party,[5] but that even after trial it would be proper to consider the interests of the parties who were absent from the action.

The Court suggested (and Rule 19 so provides) that the trial court "consider the possibility of shaping relief" to protect absent parties. *Provident, supra* at 111, 88 S.Ct. at 739. It went on to say that "a court of appeals may also properly require suitable modification as a condition of affirmance." *Id.* at 112, 88 S.Ct. at 739.

We find the suggestions of the Court in *Provident* to be useful in the case before us. We are faced with an appellant who seeks vacation of a judgment because of the absence of other parties from the litigation. She advances no contention that she herself was prejudiced by their absence, (and as we have indicated such a contention would be foreclosed by her failure to object at trial) but, rather, argues that the absent parties were prejudiced by the judgment entered in their absence. The appellant in this case, the adoptive mother of the absent parties, was at all times aware of their existence, while the appellee did not learn of their existence until trial.[6]

Applying the "equity and good conscience" test, as the Supreme Court in *Provident* instructed should be done to determine whether a judgment should be allowed to stand, we find that this case is an appropriate one for modifying the judgment in order to protect the interests of the absent heirs, as to whom the judgment should not be res judicata,[7] without disturbing the finality of appellee's judgment against appellant.

We therefore, affirm the order denying appellant's motion to vacate the judgment, but remand the case to the trial court so that it may modify its order of July 27 1972, to protect the unlitigated rights of Lavinia C. Leeks and Dwight W. Leeks. Such modification shall make it clear that the judgment affects only the rights of persons who were parties in the case.

So ordered.

---

5. Appellant herein has made no showing that the absence of the two children prejudiced her in any way.

6. Appellee grandfather's lack of knowledge may be considered understandable since the adoption was not accomplished until March 30, 1970, and took place in Maryland.

7. Provident Tradesmens Bank & Trust Co. v. Patterson, *supra* at 110, 88 S.Ct. 733.