Memorandum. The decision of the Appellate Division did not disturb the Supreme Court’s findings that defendant son at least impliedly had promised to convey title to the property to plaintiff mother pursuant to the intent of both parties and that the mother was unaware of either the fact that the mortgage the son was applying for was a GI mortgage or that, in applying for and obtaining the GI mortgage, the son was acting in circumvention of the provisions of the Servicemen’s Readjustment Act of 1944 (US Code, tit 38, former § 693 et seq.). Not having been privy to his violation of law when she furnished the funds for the purchase of property, she should not now be limited merely to an equitable lien for the moneys she paid out. Whatever remedies or penalties may exist against the son for his wrongdoing, public policy does not require visiting the consequences of the son’s acts on the mother by barring her from being declared the title owner of the property.
The cases relied upon at the Appellate Division are distinguishable. Dunn v Dunn (1 AD2d 888) was a case where the parents and the GI son "agreed” that the latter would obtain the mortgage guaranteed by the Veteran’s Administration. In the instant case the mother did not know that the mortgage involved the government. The trial court adopted the mother’s allegation that she had been misled into believing that title was being taken in her son’s name only because she thought a "lending institution required a male member of her family to *798 act as purchaser and sign the bond and mortgage”. Likewise, in Towner v Berg (5 AD2d 481, 487) both parties "participated in at least equal measure * * * in the wrongful acts whereby the loan was negotiated”. So also an examination of the record in Badami v Badami (29 AD2d 645) shows the mother there not only knew of the GI mortgage as such, but, at trial, actually testified that she had discussed its advantages with her defendant son in advance of the transaction, a situation completely different from the case before us where the mother knew nothing about a Government guaranteed veteran’s loan at all. The fraud here was that of the son alone.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court declaring the plaintiff the equitable owner and directing defendant to deed the property reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and judgment of Supreme Court, Queens County, reinstated in memorandum.