James **JOSEPH**, Appellant,

v.

Satish B. **PAREKH** et al., Appellees.

No. 9553.

District of Columbia Court of Appeals.

Argued Dec. 9, 1975.

Decided Jan. 29, 1976.

Goler Teal Butcher, Washington D. C., for appellant.

Leroy Nesbitt, Washington, D. C., for appellees.

Before GALLAGHER and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This appeal followed the entry of orders of the trial court which (1) denied appellant's motion to vacate and set aside, pursuant to Super.Ct.Civ.R. 60(b)(1) or (6), the dismissal of his complaint for libel, (2) granting appellees' motion for summary judgment, and (3) denying appellant's motion to extend the time for appeal.

The action commenced in January 1972, came on for a status conference on October 18, 1974, and counsel were directed to file all pretrial motions by November 4, 1974, submit responses thereto by November 14, 1974, and file pretrial statements conforming with CA Form 103 by November 20, 1974. Prior to the latter date, appellees filed timely motions for summary judgment and filed also either pretrial statements or motions to extend the time to file their pretrial statements until after the appellant filed his response to the motions for summary judgment. Appellant filed neither a response to the motions for summary judgment nor a pretrial statement as ordered by the court.

At the pretrial hearing on December 3, 1974, appellant's counsel sought to justify his failure to file opposition to the motions for summary judgment by stating that, in his opinion, the motions were so "patently frivolous as to be unworthy of any written response". Counsel offered no explanation for his failure to file a pretrial statement.

Nevertheless, the trial court permitted lengthy oral argument on the merits by counsel for appellant. The court then dismissed the complaint for want of prosecution based upon appellant's failure to file a pretrial statement, granted the motions for summary judgment and dismissed the complaint on the ground that no written opposition had been filed to said motions. Treating the oral argument by appellant's counsel as an opposition to the motions for summary judgment, the trial court then granted summary judgment to the appellees on the merits of the action and entered on December 4, 1974, an appropriate order setting forth its foregoing dispositions.

No appeal was taken from such order within the 30-day period prescribed by D.C. App. R. 4 II(a)(1). Thereafter, appellant engaged new counsel who on February 3, 1975, the sixtieth day after the entry of the order complained of, moved to extend the time for filing a notice of appeal and to set aside the order dismissing the complaint and granting summary judgment. The motions came on to be heard on February 28, 1975, and were denied on the same date.

On this appeal from the latter order appellant insists that the trial court erred in denying him relief, urging that dismissal of his complaint was occasioned through no fault or inadvertence of himself but rather that of his trial counsel. Appellant urged also that the court erred in denying his motion to extend the time for filing a notice of appeal from the order dismissing his complaint.

As to appellant's latter contention, we find it to be wholly without merit. The purpose of our Rule 4 II(a)(4) is to limit a period of 60 days the time in which a notice of appeal may be filed. Since the 60-day period expired as appellant filed his motion to extend the time for an appeal, the trial court was clearly without authority to grant any further extension. With respect to the denial of appellant's Rule 60(b) motion, it is well settled that the grant or denial of such a motion is within the discretion of the trial court and that its determination will be disturbed on appeal only upon a showing of abuse of discretion. *Jones v. Hunt,* D.C.App., 298 A.2d 220 (1972), *Citizens Building and Loan Association of Montgomery County v. Shepard,* D.C.App., 289 A.2d 620 (1972). Because a motion under Rule 60(b) may not be utilized as a substitute for an appeal, this court is not required to determine the merits of the underlying action but only to decide whether there has been an abuse of discretion. *See Leeks v. Leeks,* D.C.App., 316 A.2d 859 (1974), and *Harris v. Harris,* D.C.App., 304 A.2d 635 (1973). *See also In re Josephson,* 218 F.2d 174, 182 (1st Cir. 1954). From our review of this record we are not persuaded that the trial court abused its discretion in denying appellant's requested Rule 60(b) relief.

In his brief and at oral argument, appellant urged that the dismissal of his com-

plaint was due solely to the "gross negligence" of his former counsel in failing to submit written opposition to the motions for summary judgment and a pretrial statement as directed. He contends that these derelictions of his counsel should not be attributed to him so as to deprive him of his day in court. This argument was made and rejected by the trial court which found that the appellant, a college professor, was present at every stage of the proceedings and although cognizant of his counsel's derelictions, failed to take diligent measures to protect his own interests. Under these circumstances the trial court could have properly concluded, as it did, that re-lief under Rule 60(b) was not warranted. *Railway Express Agency, Inc. v. Hill,* D.C. App., 250 A.2d 923 (1969); *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Smith v. Stone,* 308 F.2d 15 (9th Cir. 1962); *accord, Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573 (4th Cir. 1973); *Bennett v. FDIC,* 396 F.2d 909 (9th Cir. 1968); *Sears, Sucsy & Co. v. Insurance Co. of N. A.,* 392 F.Supp. 398 (E.D.Ill.1975).

We conclude, therefore, that the order appealed from should be, and hereby is

*Affirmed.*