Tony D. **PULLIAN**, Appellant,

v.

**COY S. JONES REALTY CO.**, et al., Appellees.

No. 79–1074.

District of Columbia Court of Appeals.

Submitted April 23, 1980.

Decided June 16, 1980.

James E. Brown, Washington, D. C., was on the brief for appellant.

James P. Hood, Washington, D. C., was on the brief for appellees.

Before MACK, FERREN and PRYOR, Associate Judges.

PER CURIAM.

This matter arose out of a complaint filed by appellant Tony D. Pullian against appellees Mae L. Jones, owner of one-half interest in real property located in Northwest Washington, D.C., Coy S. Jones Realty Co., a real estate company owned by Mae L. Jones, and Alfreda B. Jones, owner of a one-eighth interest in the realty, to compel the conveyance of the property to appellant Pullian pursuant to a written contract.

The case was tried before the court without a jury. Having considered the evidence, the court granted specific performance and ordered that appellant exercise his right to purchase the said property within thirty days of the court's order.

Appellees filed a motion to vacate the order of the court for failure of appellant to exercise his right to purchase within the time provided by the order. The motion was granted. From the order vacating the judgment, Pullian appeals. As grounds for reversal, appellant asserts that

(1) The trial court erred by vacating the judgment because there exists no apparent reason or support in law or fact for the action; and

(2) The evidence supports a judgment for damages for breach of contract.

We reverse the trial court's order and remand for appropriate action consistent with this opinion.

I

Appellee Mae L. Jones is the owner of a one-half interest in property located in Northwest Washington, D.C. The remaining one-half interest is owned jointly by the heirs of James E. Jones, one of whom is his wife, appellee Alfreda B. Jones. Alfreda Jones gave Mae Jones a power of attorney with respect to her interest in the said property.

On December 19, 1977, Mae Jones entered into a written contract to sell the property to Tony D. Pullian for $14,000. Pursuant to the agreement, Pullian made a deposit of $500 at the time the contract was signed. He secured a loan commitment in the amount of $11,250 and was to pay the balance of the sales price at settlement.

Sometime after the date the contract of sale was entered into, but prior to settlement, Mae L. Jones notified Pullian that she was not going to comply with the terms of the contract. Pullian obtained counsel and filed suit against Mae L. Jones, her real estate company, Coy S. Jones Realty Co., and Alfreda B. Jones for specific performance, breach of contract, and fraud.

On March 7, 1978, between the filing of this action and trial, the parties appeared at settlement pursuant to the December 19, 1977 contract. At that time, Pullian was prepared to pay all monies due under the contract in addition to settlement costs. For the first time, he became aware that an unrepresented minor had an interest in the property and that Mae L. Jones and Alfreda B. Jones were unable to convey clear title to the property. On August 8, 1978, the court ordered that a trustee be appointed to represent the minor and that the trustee execute all documents necessary to effect the conveyance of the minor's interest in the property. Mae L. Jones, nonetheless, refused to convey the property.[1] On May 30, 1978, Mae L. Jones entered into a new contract to sell the property to other persons for $18,950.

## II

The grant of the motion to vacate the judgment for specific performance in favor of appellant Pullian is, therefore, the subject of our review. Appellees argued below, and in this court as well, that appellant failed to join indispensable parties in the action, and also failed to exercise his right to purchase in a timely fashion. We find both of these arguments unfounded.

With regard to appellees' argument that appellant failed to join indispensable parties, it is clear from the language of the contract of sale that the seller was obliged to convey clear title to the buyer. It was incumbent upon the seller to join those parties necessary for her to fulfill her contractual obligation. A fair reading of the record indicates that the seller took no voluntary action to join the others having an interest in the property. Nor does she allege any prejudice resulting from nonjoinder. Under these circumstances, the seller will not be heard to complain about the nonjoinder. Cf. *Leeks v. Leeks*, D.C.App., 316 A.2d 859, 862 (1974); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 738–739, 19 L.Ed.2d 936 (1968). (Plaintiff who selected both forum and defendant parties will not be heard to complain about the sufficiency of relief obtainable against them).

Similarly, appellees cannot rely upon appellant's failure to exercise his right to purchase the said property within the thirty days provided by the court. It appears from the record that appellant took all reasonable steps to perfect the transfer within the time prescribed but was thwarted in his attempts to complete the transaction.

Appellant immediately sought financing for the purchase and notified appellees of his desire to perfect the transfer. Nonetheless, appellees refused to convey the property. Appellant, having done all that he was obligated to do to complete the transfer, was entitled to the performance he bargained for, namely, to have the title transferred. *See Clayman v. Goodman Properties, Inc.*, 171 U.S.App.D.C. 88, 96, 518 F.2d 1026, 1036 (1973). As appellant acted in good faith to exercise his right to purchase, but was unable to do so because of acts on the part of the appellees to circumvent that transfer, the latter will not be allowed to escape their obligations under the contract. *Id.* at 96, 518 F.2d at 1034.

---

1. It appears from the record that with the interests of Mae L. Jones, Alfreda B. Jones, and Karl Jones (the minor) represented, there remained other heirs of James E. Jones who had an interest in the property but were not discovered by appellant or disclosed by appellees. They were never made parties to this action.

Because it appears that the property at issue may now be owned by a bona fide purchaser, *see* Part I, *supra,* the specific performance remedy may no longer be available. Accordingly, we reverse and remand to the trial court for appropriate action, including determination of whether specific performance or damages should be awarded.[2]

*Reversed and remanded.*

2. Because the trial court may award damages rather than specific performance or some other remedy affecting rights of absent parties, we perceive no need to modify the vacated judgment to protect the rights of parties not joined in the action. *Compare Leeks v. Leeks, supra* (remanding for modification of judgment impressing trust on real estate to protect rights of absent parties). *See generally Provident Tradesmens Bank & Trust Co. v. Patterson, supra* 390 U.S. at 110–11, 88 S.Ct. at 738–739.