■ RAYMOND DJAMOOS, Appellant, v GEORGE DJAMOOS, Respondent.—In an action, *inter alia,* for the imposition of a constructive trust on real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated November 23, 1988, which, upon granting the defendant's motion for judgment as a matter of law pursuant to CPLR 4401 made at the close of the plaintiff's case and renewed at the close of the defendant's case, is against him and in favor of the defendant.

Ordered that the judgment is reversed, on the facts, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in favor of the plaintiff and against the defendant.

In reviewing the dismissal of the plaintiff's complaint, this court is required to view the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all inferences which may reasonably be drawn therefrom, and resolve all questions as to witnesses' credibility in the plaintiff's favor *(McCloud v Marcantonio,* 106 AD2d 493, 495; *Lipsius v White,* 91 AD2d 271, 276-277).

Contrary to the findings of the Supreme Court, we find that the evidence adduced by the plaintiff satisfied all elements of a constructive trust, namely, it proved (1) the existence of a confidential or fiduciary relationship, (2) a promise express or implied, (3) a transfer in reliance on that promise, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 121-123; *Coco v Coco,* 107 AD2d 21, 23; *First Fed. Sav. & Loan Assn. v Kasmer,* 140 AD2d 826, 828). With respect to the first element, the relationship between a parent and child will support the imposition of a constructive trust *(see, e.g., Farano v Stephanelli,* 7 AD2d 420, 424), and no one contests the satisfaction of this element on appeal.

With respect to the second element of a promise express or implied, the plaintiff clearly and unequivocally testified to family discussions that the defendant would reconvey title to the house in question to the mother; he asserted everyone believed the house would be reconveyed, and that there was no discussion of what the bank would do upon reconveyance from the defendant. The trial court misconstrued the plaintiff's testimony before trial, and placed too much emphasis on the absence of any further discussions concerning ownership or reconveyance once these initial discussions were concluded *(see, Farano v Stephanelli, supra,* at 422; *cf., Towner v Berg,* 5 AD2d 481, 483). In confidential family relationships, mutual understanding does not always depend upon words expressly uttered, and silence in the presence of conditional assertions may constitute tacit consent and a promise to comply with the conditions *(see, Sharp v Kosmalski, supra,* at 122; *Farano v Stephanelli, supra,* at 424). Moreover, a trust which is originally dependent upon word of mouth for proof of its existence may be confirmed by part performance thereunder *(Farano v Stephanelli, supra,* at 426).

The testimony concerning the defendant's promise to reconvey to his mother and of the family's belief that this was to be a total reconveyance, when combined with the evidence of the second deed, and the mother's and the plaintiff's conduct and statements in ensuing years, not only proved that the defendant promised to reconvey, but warranted an inference that he was supposed to completely reconvey the house to her in 1954 pursuant to the family understanding *(cf., Sinclair v Purdy,* 235 NY 245, 254; *cf., Scull v Scull,* 94 AD2d 29, 37, *affd* 67 NY2d 926). In addition, the defendant's silence in 1980, when the plaintiff declared his intention to live in the family home which his mother left to him under the will, reflected his knowledge of the 1954 understanding, and of the mother's intentions and beliefs at the time she wrote the will *(see, Sharp v Kosmalski, supra,* at 122; *Farano v Stephanelli, supra,* at 424).

The third element, that of a transfer in reliance on the defendant's promise to completely reconvey, was clearly supported by the withdrawal of all the family money and the placement of title solely in the defendant's name. Thus, between the time of the first and second deeds, the defendant acted as constructive trustee pursuant to a partially expressed, and certainly an apparent and implied agreement to hold the property for the mother who was in part a third-party beneficiary of the children's munificence.

Finally, had the mortgage debt been unsatisfied, the defendant would have been liable thereon; however his relatively remote, contingent liability on the mortgage should not be equated with a complete interest in the fee title upon the death of his mother *(see, Coco v Coco, supra,* at 26; *Reiner v Reiner,* 100 AD2d 872, 873-874; *cf., Christou v Christou,* 109 AD2d 1058, *affd* 65 NY2d 853). There is ample evidence in the record that the defendant secured the mortgage and that his name was placed on the deed purely as a convenience, and no one intended for him to receive sole beneficial interest in the home. In sum, " 'Though a promise in words was lacking, the whole transaction, it might be found, was "instinct with obligation" imperfectly expressed *(Wood* v. *Duff-Gordon,* 222 N. Y. 88, 91)' " *(Farano v Stephanelli, supra,* at 425; *Sinclair v Purdy,* 235 NY 245, 254, *supra).*

Although on appeal the plaintiff raises a contention concerning the defendant's possible violation of the Servicemen's Readjustment Act of 1944 (former 38 USC § 693 *et seq.),* we find that the circumstances of this case are distinguishable from those where, on public policy grounds, an equitable lien is imposed in lieu of the imposition of a constructive trust *(cf., Badami v Badami,* 29 AD2d 645, 646; *Towner v Berg,* 5 AD2d 481, 486-488, *supra; Dunn v Dunn,* 1 AD2d 888). In those cases, the plaintiffs and the defendants were the participants and prime movants in circumventing the Servicemen's Readjustment Act of 1944. Where, however, a party has not participated in equal measure in the wrongful acts whereby the loan was negotiated, that party may be declared the equitable owner *(see, Millin v Millin,* 36 NY2d 796, 797-798). In this case, while the defendant and his deceased mother may have been privy to a violation of the act, public policy does not require visiting the consequences of their acts on the plaintiff by barring him from being declared the title owner of the property *(see, Millin v Millin, supra,* at 797).

Thus, we find that the plaintiff established a prima facie case for the imposition of a constructive trust. Moreover, since this was a nonjury trial, we exercise our power to make new findings of fact and to render a judgment warranted by our findings, taking into account " 'the fact that the trial judge had the advantage of seeing the witnesses' " *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499). Accordingly, upon our review of the record, we find that the plaintiff is entitled to judgment in his favor. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.