[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is the petition of Michael Guadagno ("petitioner") who challenges the conditions of his confinement at the Adult Correctional Institute ("ACI"). Petitioner names as respondents, the Rhode Island Department of Corrections; George A. Vose, Jr., Director of the Rhode Island Department of Corrections; Thomas Partridge, Warden of the Maximum Security Facility, and Walter Whitman, Deputy Warden of the Maximum Security Facility. Petitioner seeks relief from the alleged constitutional violations pursuant to four different remedies, a writ of habeas corpus, an application for post-conviction relief, a motion to adjudge the Department of Corrections in contempt, and a request for "other extraordinary relief or issuance of judicial writ."
The respondents, through their attorney have objected to the various motions and have pleaded as an affirmative defense lack of jurisdiction in the matter in its present posture. The court will treat this objection as a motion to dismiss pursuant to Super. Ct. R. Civ. P. Rule 12(b)(6).
On November 20, 1990, petitioner entered a plea of nolo contendre in P2/90-4074, charging him with harboring a fugitive in violation of Gen. Laws 1956 (1981 Reenactment) § 11-1-14. Petitioner was sentenced to five years at the Adult Correctional Institutions, ordered to serve eighteen months of that sentence and placed on probation for a period of three and one half years.
The pleading filed in this action contains no factual averments and is not supported by any affidavits. A memorandum of law entitled "Memorandum of Law and Affidavit in Support of Petition for Writ of Habeas Corpus, and/or Application for Post-Conviction Relief, and/or Motion to Adjudge the Department of Corrections in Contempt, and/or Request for Other Extraordinary Relief or Issuance of Judicial Writ" has been filed by the petitioner. It contains no supporting affidavits but includes many factual allegations.
Petitioner alleges that respondents have transferred petitioner to a restricted segregation section of the Maximum Security Facility and then to the High Security Center of the Adult Correctional Institutions. Petitioner alleges he remains in punitive segregation.
Petitioner seeks relief from the allegedly unconstitutional conditions he suffers as a result of his segregation. According to his memorandum, petitioner is incarcerated alone in a small cell from which he cannot leave. Petitioner alleges he is denied access to any change of clothes, and to basic hygiene necessities (toothbrush, shampoo, deodorant, etc.). According to his petition, prison officials allow petitioner only two showers per week and deny him access to a telephone and to legal materials.
Regardless of the merits of these allegations, petitioner must bring the proper action seeking the proper remedy in order for relief to be granted. In the instant case, petitioner is not seeking release from unlawful imprisonment. Rather he is seeking redress from the unlawful conditions of his lawful incarceration. Thus, it is evident that petitioner has sought the wrong form of relief and has failed to state a claim upon which relief can be granted.
Petitioner first seeks the issuance of a Writ of Habeas Corpus pursuant to Gen. Laws 1956 (1985 Reenactment) § 10-9-1
which by its terms specifically excludes persons who are imprisoned pursuant to a final judgment in a criminal proceeding. Further, § 10-9-3 sets forth the requirements for the filing of an application such as a writ. The application must be a complaint in writing which facts shall be verified by oath of the person making the application.
It is obvious that petitioner as a sentenced inmate pursuant to a final judgment does not qualify under § 10-9-1 and that this pleading is fatally defective as an application for Writ of Habeas Corpus.
Moreover, the Writ of Habeas Corpus traditionally provides the person in custody the means to attack the validity of his incarceration. Preiser v. Rodriquez, 41 U.S. 475, 93 S.Ct. 1827, 1833 (1973). The person who brings a writ of habeas corpus seeks release from imprisonment and not relief from unconstitutional treatment. See Kimball v. Pelosi, 1192 A.2d 267 (R.I. 1963);Granger v. Johnson, 367 A.2d 1062 (R.I. 1977).
Similarly, an application for post-conviction relief is designed to attack the lawfulness of the petitioner's conviction or sentence. Mastracchio v. Houle, 416 A.2d 716 (R.I. 1980). There is nothing in the post-conviction relief statute, R.I.G.L. § 10-9.1-1, which gives a petitioner the right to challenge the conditions of his prison custody.
This pleading also fails to meet the threshold requirements of § 10-9.1-3 and § 10-9.1-4 and is fatally defective as an application for post-conviction relief.
Petitioner alternately argues that pursuant to State v.Brant, 209 A.2d 455 (R.I. 1965), the court has the authority to adjudge the warden of the Department of Corrections in contempt for its alleged mistreatment of the petitioner. In Brant, the Supreme Court held that this court's inherent contempt power may be an appropriate means to correct custodial abuses. Id. at 458. The Brant case, however, predates the civil rights act of 1971, 42 U.S.C. § 1983, which has become the chief method for challenging mistreatment of prisoners. See Morris v.Travisono, 310 F. Supp. 857 (D.R.I. 1970); Palmigiano v.Garrahy, 443 F. Supp. 956 (D.R.I. 1977), aff'd 616 F.2d 598
(1st Cir. 1980).
Further, given the state of these pleadings this court finds a motion for contempt is inappropriate for the relief the petitioner seeks. This court is cognizant of the concerns expressed by the respondents about judicial intervention in the daily administration of the prison. The granting of jurisdiction in this case on the face of these pleadings would be an open invitation for unverified petitions by countless prisoners dissatisfied with some aspect of their imprisonment.
For this reason, Mr. Guadagno's petition is denied without prejudice. Counsel shall prepare the appropriate order.