**Inell JOHNSON, Appellant,**

v.

**MARCHETA INVESTORS LIMITED PARTNERSHIP, et al.,**
**Appellees.**

**No. 96–CV–416.**

District of Columbia Court of Appeals.

Argued March 4, 1997.

Decided May 7, 1998.

---

Maria Nicolini, for appellant. Richard D. Heideman, Washington, DC, was on the brief for appellant.

George Tankard, III, Baltimore, MD, for appellee.

Before TERRY, KING, and REID, Associate Judges.

TERRY, Associate Judge:

After her original complaint was dismissed for want of prosecution and a second complaint, filed in the United States District Court, was dismissed as time-barred, appellant filed a motion in the Superior Court under Super.Ct.Civ.R. 60(b) to vacate the dismissal of the first complaint. The Rule 60(b) motion was denied, and appellant noted this appeal. We affirm.

I

Appellant Inell Johnson is a resident of California. On July 31, 1991, while she was a guest at the Hampshire Suites Hotel in the District of Columbia, she was allegedly injured when a hotel employee, opening a door near the spot where she was standing, struck her in the back with the door. She filed suit in the Superior Court in June 1994 against the owner of the hotel, Marcheta Investors Limited Partnership, and several individuals, including the partners in the partnership and the employee involved. At a scheduling conference in September 1994, Judge Zeldon said she would be inclined to grant a motion by Ms. Johnson's attorney, Henry Weil, to withdraw from the case after he told the judge that he had been unable to locate and communicate with his client.[1] On the same day, September 9, Mr. Weil wrote a letter to Ms. Johnson informing her of his desire to withdraw from the case, and stating that the court would dismiss the case at a status hearing, scheduled for October 21,

> unless you have notified the Court in writing that you intend to represent yourself or another attorney has entered a formal appearance on your behalf. Unfortunately, since the statute of limitations has expired, you will not be able to refile this case once it is dismissed; therefore I urge you to take immediate action to either engage new counsel or notify the Court in writing, as stated above, of your intention to represent yourself. . . .

Ms. Johnson later acknowledged in an affidavit that she received this letter on September 12, but stated that she never gave her consent for Mr. Weil to withdraw.

On September 13 Ms. Johnson consulted an attorney in California who referred her to another attorney in Washington, Richard Heideman. Mr. Heideman obtained the case file from Mr. Weil and asked Weil to tell the court that he was reviewing the case in order to decide whether to accept Ms. Johnson as a client. On October 20, however, Mr. Heideman advised Mr. Weil that no one from his firm would be present at the status hearing the following day. At the hearing on October 21, Mr. Weil advised Judge Zeldon that Ms. Johnson had contacted, but had not yet formally retained, a law firm in the District of Columbia. Mr. Weil asked the judge to "defer ruling on the dismissal," but Judge Zeldon said that Ms. Johnson had been "sleeping on her rights," granted Mr. Weil's motion for leave to withdraw, and dismissed the case without prejudice. Mr. Weil wrote a letter to Ms. Johnson telling her what had happened, which Ms. Johnson received on October 30.

---

1. Ms. Johnson disputes this claim, stating in her brief that she "had always been available to her attorneys, and never failed to return a phone message or letter from Mr. Weil or his firm."

The next day, October 31, Mr. Heideman filed a motion to vacate the dismissal, informing the court that his firm had been retained by Ms. Johnson. The motion was denied by Judge Zeldon, but the judge specifically noted that the denial was without prejudice. Ms. Johnson did not seek further relief from Judge Zeldon, despite the judge's "without prejudice" ruling. Instead, now represented by Mr. Heideman, she filed a new complaint in the United States District Court on December 13, 1994. That complaint was dismissed by the District Court in September 1995 on the ground that it was barred by the statute of limitations.[2]

About a month later, on October 20, 1995, Ms. Johnson filed a motion in the Superior Court under Rule 60(b), asking that the original dismissal by Judge Zeldon be vacated. Judge Eilperin initially granted that motion, but on reconsideration he vacated his earlier order and denied the Rule 60(b) motion. After a further motion was denied, Ms. Johnson noted this appeal.

## II

Relief under Rule 60(b) is available "only under exceptional circumstances, in unusual and extraordinary situations justifying an exception to the overriding policy of finality, or where the judgment may work an extreme and undue hardship." *Clement v. District of Columbia Dep't of Human Services,* 629 A.2d 1215, 1219 (D.C.1993) (citations omitted). A Rule 60(b) motion cannot be used as a substitute for appeal, *Leeks v. Leeks,* 316 A.2d 859, 860 (D.C.1974), and appellate review of the denial of such a motion is limited to determining whether or not the trial court abused its discretion. *Joseph v. Parekh,* 351 A.2d 204, 205 (D.C.1976).

Judge Zeldon did not abuse her discretion in dismissing Ms. Johnson's complaint for want of prosecution. Mr. Weil's motion to withdraw stated that he had been "unable to locate [Ms. Johnson] so as to communicate with her," and he repeated this

assertion at the initial scheduling conference in September 1994. Although Ms. Johnson's Rule 60(b) motion disputes these allegations, Judge Zeldon acted well within her discretion in accepting them, particularly when they were uncontroverted at the time she ruled.

The record also indicates, and the Rule 60(b) motion acknowledges, that Ms. Johnson had almost six weeks' notice of Mr. Weil's desire to withdraw from the case and of Judge Zeldon's announced inclination to dismiss the case at the October 21 status hearing for want of prosecution. Ms. Johnson also had notice that Judge Zeldon expected either substitute counsel or Ms. Johnson herself to be present at the status hearing. Neither Ms. Johnson nor substitute counsel appeared at that hearing, however, and Ms. Johnson concedes that she failed to retain substitute counsel by that time, despite having had almost six weeks in which to do so. Judge Zeldon had this information before her on October 21. Having determined that Mr. Weil's representations were credible, she concluded that Ms. Johnson had been "sleeping on her rights" and had not exercised due diligence on her own behalf.

Our review of any denial of a Rule 60(b) motion in a case such as this "recognizes that there is a judicial preference for resolution of disputes on the merits rather than by the harsh sanction of dismissal.... However, we are also mindful that a plaintiff must prosecute [her] action with due diligence or suffer dismissal." *Bond v. Wilson,* 398 A.2d 21, 24 (D.C.1979) (citations omitted). Ms. Johnson's Rule 60(b) motion did not present Judge Eilperin with any new facts or allegations indicating that the dismissal had been granted erroneously. Although she disputed Mr. Weil's professed inability to communicate with her, Ms. Johnson admitted that she had received on September 12 Mr. Weil's September 9 letter advising her of his desire to withdraw from the case and alerting her to the judge's intention to order a dismissal if either Ms. Johnson or substitute

---

**2.** The applicable statute of limitations, D.C.Code § 12–301(8) (1995), requires that an action be filed within three years from the date on which the claim accrued. In this case the claim accrued on July 31, 1991, when Ms. Johnson suf-

fered her injury. The District Court correctly noted that District of Columbia law does not recognize the concept of equitable tolling. *See, e.g., Bond v. Serano,* 566 A.2d 47, 49 (D.C.1989).

counsel were not present at the status hearing scheduled for October 21. Ms. Johnson acknowledged in her Rule 60(b) motion that she had not retained substitute counsel prior to that hearing and that she herself did not attend it.

Ms. Johnson's most serious blunder was her failure to note an appeal from Judge Zeldon's original order of dismissal in October 1994. She did file a motion to vacate the order, but when that was denied on November 29, 1994, she sought no further relief in either the Superior Court or this court; instead, she elected to file a new complaint in federal court which was already barred by the statute of limitations. Her Rule 60(b) motion did not offer any justification for failing to appeal from Judge Zeldon's order, which she could easily have done. *See Leeks, supra,* 316 A.2d at 860–861. As we have said in *Leeks* and in many other cases, Rule 60(b) is "not intended to be a substitute for the filing of an appeal which has been foregone." *Id.* at 860 (citation omitted). Having chosen not to appeal from the original dismissal, Ms. Johnson cannot now claim entitlement to relief under Rule 60(b), at least not without a showing of extraordinary and compelling circumstances which she has not made. *See Ackermann v. United States,* 340 U.S. 193, 197–198, 71 S.Ct. 209, 211–212, 95 L.Ed. 207 (1950).

Ms. Johnson's brief devotes considerable attention to the fact that the order of dismissal was "without prejudice" and asserts that "Judge Zeldon clearly intended for Ms. Johnson to be able to refile her action and have her day in court." Ms. Johnson argues that it was therefore "an error" for Judge Eilperin to refuse to vacate the order of dismissal. We cannot agree. Mr. Weil's September 9 letter plainly told Ms. Johnson that she would "not be able to refile this case once it is dismissed," thereby alerting her that she needed to take some action *before October 21* to ensure that her rights were protected. Because District of Columbia law does not recognize an equitable tolling exception to the statute of limitations, Judge Eilperin was under no obligation, discretionary or otherwise, to vacate the order of dismissal. *See Sayyad v. Fawzi,* 674 A.2d 905,

906 (D.C.1996) (equitable tolling may not be invoked to overcome statute of limitations bar following dismissal without prejudice).

Relief under Rule 60(b) is available only under exceptional circumstances, or in unusual and extraordinary situations. We find nothing unusual or exceptional about the instant case. There was sufficient information before Judge Zeldon to support her decision to dismiss the case for want of prosecution. Furthermore, given the lack of any new information in the Rule 60(b) motion that would justify Ms. Johnson's failure to appeal from that dismissal, Judge Eilperin did not abuse his discretion when he denied the Rule 60(b) motion. That denial is therefore

*Affirmed.*