JOHN AMBROGIO *v.* CONNECTICUT STATE BOARD OF FIREARMS PERMIT EXAMINERS ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 110392
NEW HAVEN

Memorandum filed February 6, 1980

*William P. Meehan,* assistant town attorney, for the plaintiff.

*Carl R. Ajello,* attorney general, and *Richard Sponzo,* assistant attorney general, for the named defendant.

*Michael Farrell,* pro se, a defendant.

FOTI, J. By agreement of the parties this matter has been submitted on the record.

This case concerns a pistol permit denial to one of the defendants, Michael Farrell, by the plaintiff, the chief of police for the town of Hamden. An appeal of that denial was taken to the state board of firearms permit examiners, and by a decision dated January 26, 1977, the board found Michael

Farrell to be entitled to a pistol permit and ordered the plaintiff to so issue that permit. It is from that decision that the present appeal has been taken.

Section 29-28 of the General Statutes allows the issuing authority to grant such a permit ". . . provided such authority shall find that such applicant intends to make no use of any pistol or revolver which he may be permitted to carry thereunder other than a lawful use and that such person is a suitable person to receive such permit."

The issue to be decided is whether the defendant board's decision was ". . . arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 4-183 (g) (6).

The record is clear that the suitability of the applicant is not in question, and that issue was not raised by the briefs. The true issue appears to be whether "need" should be one of the prime considerations in determining whether the applicant intends to employ the firearm for "other than a lawful use," and if so whether the defendant board abused its exercise of discretion in not so considering it.

An administrative agency is presumed to have done its duty legally and properly. *Brecciaroli* v. *Commissioner of Environmental Protection,* 168 Conn. 349, 356. The burden of proving that the agency acted illegally is on the one asserting it. *Board of Aldermen* v. *Bridgeport Community Antennae Television Co.,* 168 Conn. 294, 297.

This court would agree with board chairman G. Eric Doerschler where he indicates in the transcript that "[n]eed itself is not a criterion for a permit."

The plaintiff's brief contends that the transcript is replete with contradictions with regard to the question of the applicant's employment requirements with respect to carrying a pistol, which it is claimed would raise a presumption that the applicant would utilize said firearm as a loss prevention officer at his place of employment, for which he is not trained, which in turn raises "a strong presumption of an 'unlawful use' pursuant to Section 29-28, Connecticut General Statutes." The logic in the plaintiff's contention is faulty, and no such presumption is warranted. The plaintiff has affixed certain articles to his brief, which this court may neither read nor consider as they do not constitute part of the record.

The issues of credibility of witnesses or the weight to be given evidence before the board are matters exclusively for the board to decide. This court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *Hansen* v. *Norton,* 172 Conn. 292, 294. The record does reflect that the defendant Farrell indicated that his sole purpose for the request for a pistol permit was for self-protection. The board chose to accept that, and nothing in the record would indicate a purpose "other than a lawful use."

The plaintiff has failed to sustain his burden. Accordingly, judgment may enter dismissing the appeal.