[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
The plaintiff, Francis H. Callahan III, appeals the decision of the defendant Commissioner of Motor Vehicles ("the Commissioner"), suspending plaintiff's operator's license for refusal to take a "breathalyzer" test when requested to do so by an arresting officer. The Commissioner's action and plaintiff's appeal were taken pursuant to Conn. General Statutes 14-227b and4-183.
 II
On October 26, 1989 at approximately 9:17 P.M., plaintiff, while operating his motor vehicle, was involved in a three-car CT Page 2002 accident in the Town of Branford. At the accident scene a Branford police officer administered a field sobriety test to plaintiff and placed him under arrest for violation of Conn. General Statutes 14-227a, operation of a motor vehicle while under the influence of liquor or drug or while impaired by liquor. Subsequent to the arrest, the arresting officer requested that plaintiff submit to a "breathalyzer" chemical alcohol test and plaintiff refused. Thereafter the Commissioner ordered that plaintiff's operating license be suspended; an administrative hearing was held on February 15, 1990 to determine whether the suspension should go into effect; the hearing officer's decision determining that plaintiff's license should be suspended was issued on February 21, 1990 and that decision was appealed to this court. A hearing was held on December 14, 1990 at which plaintiff's standing as an aggrieved person was established.
 III
In his petition, the plaintiff alleges that the defendant, in suspending plaintiff's operating license acted illegally, arbitrarily and in abuse of discretion and prejudiced substantial rights of the plaintiff by the Commissioner's failure to comply with the requirements of Conn. General Statutes 14-227b and 4-180(c).
Specifically, that plaintiff was not afforded a reasonable opportunity to telephone an attorney as required by Conn. General Statutes 14-227b(b);
That there was no evidence at the administrative hearing that the written report required by Conn. General Statutes14-227b(b) was prepared on a form approved by the Commissioner and forwarded to the Commissioner as required by 14-227b(d);
That the hearing officer failed to state the reasons for his decision or the evidence on which he relied as required by Conn. General Statutes 4-180(c). Further, in relation to this claim, plaintiff argues that the use of the word "shall" in said statute precludes the court from searching the record "to find a reason for the hearing officer's decision."
 IV
Section 14-227b provides that any person who operates a motor vehicle in Connecticut shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. The license of one refusing such test after being placed under arrest for violation of 14-227a shall be suspended by the Commissioner subject to a hearing.
Section 14-227b(d), as in effect on October 29, 1989, CT Page 2003 provided that said hearing be limited to a determination of four issues:
(1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both;
(2) was such person placed under arrest;
(3) did such person refuse to submit to such test or analysis;
(4) was such person operating the motor vehicle.
 V
A license suspension hearing under 14-227b must be limited to the four issues cited above. Volck v. Muzio, 204 Conn. 507,512. Non-compliance with subsection (b) of 14-227b, not involving one of the cited four issues, does not preclude the suspension of the license of a driver who refuses to submit to a blood, breath or urine test, Volck v. Muzio, supra, at 516.
The scope of a review by this court of the Commissioner's action is "very restricted," Buckley v. Muzio, 200 Conn. 1, 3. The court may not retry the case nor substitute its judgment for that of the defendant, Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588, 590; C.G.S. 4-183(j); Lieberman v. Board of Labor Relations, 216 Conn. 253, 262.
 VI
Plaintiff's first argument, that he was not afforded a reasonable opportunity to telephone an attorney, fails on two counts. First, there was testimony in the record which, if believed, supported the conclusion that plaintiff was in fact afforded such an opportunity to telephone before he opted to refuse a test. Credibility of witnesses and the weight to be accorded evidence are peculiarly the province of the trier of fact and the court cannot substitute its judgment for that of the trier of fact.
Secondly, while non-compliance with 14-227b(b) may have consequences in a criminal prosecution under Conn. General Statutes 14-227a, such non-compliance does not preclude suspension of the license of a driver who refuses to submit to a test, Volck v. Muzio, supra, at 516.
Further, plaintiff argues that since the arresting officer's report required by 14-227b(c) was not made part of the record at CT Page 2004 the administrative hearing, "there can be no finding that the Commissioner's initial suspension of plaintiff's license was lawful." This argument also fails. There is no requirement that the mandated report to the Commissioner must be made part of the record at the administrative hearing held pursuant to 14-227b(d). The presumption is that the Commissioner, in imposing the initial suspension acted legally and properly, and that the reporting requirements of subsections (c) and (d) of 14-227b were complied with and the burden was on the plaintiff to prove that the Commissioner acted illegally and improperly. Ambrogio v. Connecticut State Board of Firearms Permit Examiners,36 Conn. Sup. 166. This the plaintiff failed to prove.
The court finds that the absence of the written report required by 14-227b(c) from the record of the plaintiff's administrative hearing did not render the Commissioner's action in suspending plaintiff's operating license, illegal, arbitrary or capricious.
 VII
Following the administrative hearing in question, the hearing officer issued his decision answering in the affirmative the four determinations required by 14-227b(d). In rendering his decision the hearing officer utilized a form on which the four required determinations were printed and he wrote "yes" after each determination.
Plaintiff argues that the hearing officer failed to state the reasons for his decision or the evidence on which he relied, thus depriving the plaintiff of due process of law. The court disagrees.
Conn. General Statutes 4-180(c) requires that a final decision in a contested case shall include the agency's findings of fact and conclusions of law necessary to a decision. The hearing officer's decision in the instant matter is in compliance with this requirement. The hearing officer made the findings required by Conn. General Statutes 14-227b(d). Buckley v. Muzio,200 Conn. 1, 7. There was ample evidence in the record to support the hearing officer's findings that plaintiff was placed under arrest; that plaintiff refused to submit to a "breathalyzer" test; that plaintiff was operating a motor vehicle and that the arresting officer had probable cause to arrest the plaintiff for violation of Conn. General Statutes 14-227a. These findings provide an adequate basis for judicial review and no more is required. Chieppo Bus Company v. United States, 383 F. Sup. 1192,1198.
But plaintiff argues that the court may not search the record CT Page 2005 "to find a reason for the hearing officer's decision." Contrary to plaintiff's assertion, the court is required to search the record not "to find a reason for the hearing officer's decision," for the hearing officer has given us his reasons; rather the court reviews the record to determine if the facts found are supported by evidence contained in the record and that the conclusions that follow are legally and logically correct, Pinsky v. Statewide Grievance Committee, 216 Conn. 228. The court finds the hearing officer's findings are amply supported by the record.
 VIII
The plaintiff has failed to establish that the Commissioner's action in suspending plaintiff's operating license was illegal, arbitrary or in abuse of discretion or that it prejudiced substantial rights of the plaintiff. Accordingly, judgment may enter in favor of the defendant and the appeal of the plaintiff, Francis H. Callahan III, is dismissed.
JOHN T. DOWNEY, JUDGE