[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the present case, the plaintiff, Brian J. Woolf, an attorney and a member of the Connecticut bar, appeals from a decision of the statewide grievance committee reprimanding him for a violation of rule 1.5 of the Rules of Professional Conduct. The defendant, statewide grievance committee, is authorized to decide complaints of attorney misconduct pursuant to Practice Book § 27G. CT Page 3633
The essential facts are undisputed. On April 11, 1995, J. Tyrone Johnson was arrested and charged with breach of peace and interference with a police officer. Lorraine Krajewski, Johnson's girlfriend, contacted the plaintiff seeking legal assistance regarding Johnson arrest. Immediately thereafter, the plaintiff obtained the telephone number of a bail bondsman for Johnson, contacted the bail bondsman directly, and visited the Hartford police station to verify Johnson's release.
Shortly thereafter, Johnson and Krajewski met with the plaintiff at his office. At that time, discussion ensued regarding the plaintiff's attorneys fees for handling Johnson's case. The plaintiff explained to Johnson his option of choosing either a flat fee or an hourly rate. Johnson elected a flat rate of $2500. The couple was then provided with a written retainer agreement ("agreement"), which was signed by the parties on April 24, 1996. In accordance with terms of the agreement, Johnson paid the plaintiff $1000 on April 24, 1996 and was thereafter to pay increments of $500 on April 24, May 9, May 23, June 7, and June 14 of 1996.[1]
Johnson informed the plaintiff that he was scheduled to appear in court on his criminal charges on April 25, 1996. The plaintiff, however, advised Johnson that he would be unable to attend court on that date and further advised Johnson to appear in court and request a continuance of the matter. The plaintiff then provided Johnson with a completed appearance form. However, when Johnson attended court on April 25, 1996, the charges against him were nolled by the states attorney prior to Johnson submitting the appearance form provided by the plaintiff.
Later that day, Johnson telephoned the plaintiff and requested a refund of the initial $1000 installment feeling that the plaintiff did not accomplish the nolle. No further payments were made by the couple under the written fee agreement. As a result, the plaintiff implemented the penalty provision under the agreement and demanded an additional $6500 as the balance due from Johnson[2] On or about May 23, 1996, the couple requested by letter an itemized statement. In a return letter, the plaintiff informed the couple that an itemized statement was not necessary and offered to compromise the bill.
On May 23, 1996, Krajewski filed a complaint against the plaintiff with the statewide grievance committee requesting the initial $1000 installment be returned and no further payments CT Page 3634 under the agreement be required. On September 26, 1996, the local grievance panel found probable cause existed that the plaintiff violated rule 1.5 of the Rules of Professional Conduct in that the plaintiff's retainer agreement provided a penalty provision two and a half times the stated fees as a penalty for not completing payments in a relatively short period of time. A contested hearing was held before the reviewing committee on January 9, 1997 and a proposed decision issued on February 17, 1998, finding that the plaintiff violated rule 1.5 of the Rules of Professional Conduct. The reviewing committee's proposed decision was adopted as the statewide grievance committees final decision on May 22, 1998.
The plaintiff thereafter timely filed the present appeal with this court on June 22, 1998. The administrative record was filed on July 14, 1998 and a supplemental record was filed on August 6, 1998. Briefs were filed by the plaintiff on August 17, 1998, by the defendant on September 14, 1998 and by the plaintiff on October 16, 1998. The parties were heard at oral argument on November 24, 1998.
The court has reviewed the administrative record, the parties briefs and cases cited therein. For the reasons set forth below, the court finds in favor of the plaintiff, and orders the case remanded to the statewide grievance committee for further proceedings.
In his amended appeal, the plaintiff raises the following issues: (1) that the substantial rights of the plaintiff have been prejudiced because the reviewing committee failed to and neglected to render a final written decision pursuant to Practice Book § 2-35(e) and (g), amended October 1, 1997; and (2) that the statewide grievance committee erred in its finding that the written fee agreement was unconscionable and clearly unreasonable.[3]
At the outset, the court notes "in reviewing a decision of the statewide grievance committee to issue a reprimand, . . . the trial court [does not] take on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney has violated the Rules of Professional CT Page 3635 Conduct is clear and convincing proof. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof . . . Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . The burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. . . . With these principles in mind, [the court] turns to the plaintiff's claims." (Brackets omitted; citations omitted; internal quotation marks omitted.) Somer v. StatewideGrievance Committee 245 Conn. 277, 290-91 (1998).
The plaintiff's first argument may be disposed of briefly. The plaintiff claims that the reviewing committee failed to render a "final written decision" as required by Practice Book § 2-35 (formerly § 27J). As the plaintiff correctly notes, Practice Book § 2-35(e) and (g) (formerly § 27J (e) and (g)) was amended on October 1, 1997. The October 1997 amendment changed the reviewing committees existing practice of issuing a "proposed decision" filed with the statewide grievance committee to issuing a "final written decision," subject to the right of the plaintiff to submit to the statewide grievance committee a request for review. According to the plaintiff, since the reviewing committee issued a decision on February 17, 1998, that decision needed to be a final decision pursuant to the October amendment, rather than a proposed decision under the former Practice Book rule.
A close examination of the record, however, indicates that the above issue was not raised at the hearing before the reviewing committee. (See ROR, Item 10, Reviewing Committee Hearing, p. 55.) The assistant bar counsel specifically stated on the record that the reviewing committee would be issuing a written proposed decision, to which the plaintiff did not object. Furthermore, the plaintiff also failed to avail himself of the opportunity to object to the reviewing committees proposed decision in his Statement by Respondent in Opposition to the Proposed Decision of the Reviewing Committee of the Statewide Grievance Committee. (ROR, Item 13, Statement by Respondent in Opposition to the Proposed Decision of the Reviewing Committee of the Statewide Grievance Committee.) "[T]he failure to raise a CT Page 3636 procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect. Jutkowitz v. Department of HealthServices, 220 Conn. 86, 95 [(1991)]." Dragan v. ConnecticutMedical Examining Board, 223 Conn. 618, 629-31 (1992).
The plaintiff's second argument, in essence, is that the statewide grievance committee erred in finding that the plaintiff violated rule 1.5 of the Rules of Professional Conduct since the plaintiff's fee agreement was neither procedurally nor substantively unconscionable. The plaintiff also maintains that without a finding of unconscionability, either procedural or substantive, the committee could not reach its conclusion that the fee agreement was unreasonable.
Rule 1.5 of the Rules of Professional Conduct mandates that a "lawyers fees shall be reasonable" and enumerates criteria by which reasonableness may be determined. Specifically, "[t]he factors to be considered in determining the reasonableness of a fee include the following: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent."
Rule 1.5(a) of the Rules of Professional Conduct does not require the statewide grievance committee to make a finding of unconscionability in order to find a violation of rule 1.5 of the Rules of Professional Conduct. Unconcionability is simply not one of the factors enumerated for determining the reasonableness of a fee.
The plaintiff contends that the defendant failed to properly articulate its decision. Specifically, the plaintiff maintains that under the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-179[4], the defendant, in its final decision, was required to set forth findings of fact and conclusions of law as to the relevant factors relating to the CT Page 3637 determination of the reasonableness of the fee agreement pursuant to rule 1.5 of the Rules of Professional Conduct. While the defendant notes that the UAPA does not apply to the statewide grievance committee; See Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990); the defendant nevertheless agrees that the due process requirements are similar, i.e. that the final decision contain findings of fact and conclusions of law — on each issue of fact or law necessary to the decision in order to permit meaningful review under Practice Book § 2-38(f).
The court finds that the statewide grievance decision does not comport with the requirements of due process. Rule 1.5 of the Rules of Professional Conduct enumerates criteria by which reasonableness may be determined. As stated above, those factors are as follows: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent."
In the present case, the committees final decision failed to articulate which of the above factors it applied in determining that the plaintiff's fee agreement was unreasonable. Rather, the decision merely stated in conclusory terms that fee agreement was unreasonable and unethical. Accordingly, the court orders the case remanded to the committee for further proceedings to set forth specific findings of fact and conclusions of law, and to specifically state which of the above factors the committee applied in determining the plaintiff's fee agreement was unreasonable under rule 1.5 of the Rules of Professional Conduct.
The plaintiff also argues that the committee failed to consider evidence in the record. Specifically, the plaintiff maintains that the committee neglected to consider changes to the plaintiff's fee agreement and the fact that the plaintiff did not sue Johnson to recover the outstanding amount due on the agreement. CT Page 3638
An administrative agency is presumed to have done its duty legally and properly. Brecciaroli v. Commissionof EnvironmentalProtection, 168 Conn. 349, 356 (1974); Leib v. Board of Examinersfor Nursing, 177 Conn. 78, 84 (1979). The burden of proving that the agency acted illegally is on the plaintiff. Ambrogio v. Conn.State Board of Firearms Permit Examiners, 36 Conn. Sup. 166, 167
(1980). The record indicates that the plaintiff provided testimony before the reviewing committee on both these issues and provided the committee with a copy of his revised fee agreement, marked Committee's Exhibit # 1. (ROR, Item 10, Reviewing Committee Hearing, pp. 34-37, 53; ROR, Item 11, Committee Exhibit 1.) There is nothing in the record to suggest that the committee didn't consider the plaintiff's testimony or Exhibit 1 in reaching its decision. Accordingly, the court finds this argument unpersuasive.
Based on the foregoing, the plaintiff's appeal is sustained and the matter remanded to the agency for further proceedings in conformity with this decision.
Michael Hartmere, Judge